93 So.2d 661

Dr. Harry B. CAPLAN

v.

AIRPORT PROPERTIES, Inc. et al.

No. 42882.

Feb. 25, 1957.

Sydney J. Parlongue, New Orleans, for defendants-appellants.

Meyer Sabludowsky, Jorda S. Derbes, New Orleans, for plaintiff-appellee.

PONDER, Justice.

Plaintiff brought suit for double the deposit made in an agreement to purchase real estate and for attorney's fees and costs. Defendants answered averring that there was no formal putting in default. From a judgment in favor of the plaintiff in the amount of $5,200 representing double the deposit, $1,000 for attorney's fees and costs, the defendants have appealed.

Plaintiff on March 15, 1955 entered into an agreement to purchase real estate from the defendants, Airport Properties, Inc. and A. K. Roy, Inc., the latter being the agent

of Airport Properties. At the time the plaintiff deposited the sum of $2,600 being ten percent of the purchase price called for in the contract, viz., $26,000. The property agreed to be conveyed was described in the contract thus: "The property sold subject to being 460· feet front Veterans Highway and containing no dedicated streets or rights of way or servitudes to be dedicated or deducted, unless purchaser desires same."

According to the terms of the agreement the act of sale was to be passed prior to May 15, 1955 but the record shows that the defendants did not have record title to the property and upon their request the plaintiff granted extensions on April 2, 1955, April 30, 1955 and May 31, 1955. In the last of these extensions it is stated that it was agreed that Airport Properties, Inc. would furnish to the Lawyers Title Insurance Corporation of New Orleans, within thirty days from May 31, 1955, information pertaining to Airport Properties, Inc. title ownership and acquisition. It is admitted that the defendant Airport Properties, Inc. was not on March 15, 1955, the date of the original agreement, nor at any time thereafter the record owner of the property it agreed to convey.

The information as to title and acquisition was never furnished as requested in the last extension of May 31, 1955 and on July 13, 1955 plaintiff addressed a letter to the President of Airport Properties stating that he was putting it in default due to de-fendants' inability to deliver a valid and merchantable title within the time set forth in the extension agreement. It was stated in this letter that unless notification was received by plaintiff before July 25, 1955 that defendant was able to tender valid title under the agreement to purchase, litigation would follow. Having received no answer to this letter, the attorney for the plaintiff again on July 27, 1955 addressed a letter to the president of the defendant company, Airport Properties, Inc., requesting information regarding title to be furnished not later than August 2, 1955. This letter states:

"I am accordingly setting the date for the act of sale to be passed by my office on Monday, August 8, 1955 at 10:00 a. m. My client is willing and able to accept title to the above described property and will be present at my office on the stipulated date."

No response was again received from the defendants and yet in their answer they allege that there was no formal putting in default.

This Court said in Fox v. Doll, 221 La. 427, 59 So.2d 443, 445, "it is not necessary to put one formally in default who refuses to perform or who acknowledges an inability to perform." The fact that the defendants did not own the property at the time the agreement to purchase was entered into is of no moment. As counsel for the appellee correctly argues the sale of a hope

is perfectly legal but when this hope is falsely represented as an actuality and does not materialize within the term of the contract then one must pay the penalty. The defendants herein were not required to have title at the time of the original agreement but when called upon within the stipulated time to convey title by an act of sale they must be able to do so or forfeit double the earnest money deposited. This has been decided by this Court in the case of Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118.

Much has been said in briefs filed in this Court (and in the testimony) about the fact that the property specified to be sold was later found to embrace two streets that may or may not have been dedicated. But a discussion of this phase of the case is not necessary in view of the fact that the record shows that the plaintiff was ready, willing and able at all times to take title to the property.

The appellant states in its brief that it is its belief that the award of $1,000 attorney's fees is hardly justifiable in this case. It advances no reason whatsoever to support this statement and offered no evidence in the lower court to contradict the testimony of the attorney presented by the plaintiff in this respect. Such being the case, we are in no position to say that the award is excessive.

For the reasons assigned, the judgment of the lower court is affirmed at appellants cost.