BARNETTE, Judge.
This is a suit for $4,220, representing the unpaid portion of an aggregate of $4,720 represented by two checks drawn by the defendant Lee R. Leonard and returned by the drawee bank with the notation “N.S.F.” From a judgment in plaintiff’s favor against Lee R. Leonard on a motion for judgment on the pleadings, Leonard has appealed. The suit against the codefend-ant Gerald B. Heilman is still pending in the court below.
According to the allegations of the petition, to which the checks in question were attached and made a part by reference, the checks — one for $2,600, dated November 17, 1965, and one for $2,120, dated November 22, 1965 — were payable to the order of Gerald B. Heilman. It is alleged that Heilman was an employee of plaintiff, having access to its cash funds, and that he cashed the checks from funds belonging to plaintiff.
At the time Heilman’s employment was terminated, plaintiff allegedly found the checks in its vault. They were presented for payment on March 22, 1966, whereupon payment was refused by the drawee bank on account of insufficient funds. Thereafter defendant Leonard made a $500 payment on the checks and credit was given accordingly. Amicable demand in vain is alleged. Suit was filed by plaintiff on June 6, 1966.
Leonard requested and was granted additional time in which to plead. On July 7, 1966, he filed an exception of no cause or right of action. Judgment on the exception was delayed due to court vacation. On September 8, 1966, the exception was overruled and Leonard was allowed 10 days to file an answer. Answer was filed September 19, in which Leonard admitted only his name, age, residence, and the $500 payment. Otherwise the allegations were denied “for lack of sufficient information to justify a belief.” Plaintiff then filed a motion for judgment on the pleadings, which was granted after hearing on October 7, 1966.
We are of the opinion that the judgment on the pleadings was not authorized by LSA-C.C.P. art. 965 and was, therefore, in error.
A denial for lack of knowledge and information sufficient to justify a belief has the effect of denial. LSA-C.C.P. art. 1004. By so denying the essential allegations of plaintiff’s petition, the facts pleaded were put at issue and hence cannot, for the purpose of judgment on the pleadings, be considered true. LSA-C.C.P. art. 965,
Plaintiff-appellee relies on the language of the Supreme Court in Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 597, 181 So.2d 36, 38, wherein the Court said:
“Under the express provisions of the Code of Civil Procedure, in resolving a motion for a summary judgment ‘all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true,’ (Article 965), and ‘if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law,’ the judgment shall be rendered forthwith. Article 966.”
In that case plaintiff moved that defendants show cause why judgment should not be rendered “on the pleadings with the affidavits on file [emphasis added].” Thus, since it would appear from the fact that supporting affidavits were on file, the motion did partake of the elements of a motion for summary judgment as provided in LSA-C.C.P. art. 966. We think this accounts for the above-quoted language of the Court from which plaintiff-appellee draws the inference that articles 965 and 966 are to be read together. We do not *704 think such meaning was intended by the Court.
Motions for judgment on the pleadings are not new to our procedural law, having been provided in the Code of Practice of 1870, art. 172, subd. 1 and LSA-R.S. 13:3601(4). (Repealed and incorporated into LSA-C.C.P. art. 965.) However, the motion for summary judgment is new to our procedural law, having been adopted in the Code of Civil Procedure. They are entirely separate and distinct procedures. The former neither requires nor permits supporting evidence. The latter permits supporting affidavits on behalf of the mover, with an opportunity for the adverse party to file opposing affidavits. Depositions may also be considered.
The distinction is well stated in 21 La. L.Rev. 209, 212 (1960-61), in the following language:
“Something of a parallel to summary judgment is found in the Louisiana motion for judgment on the pleadings. The question presented by this motion is solely one of law. Thus if this motion is made and the pleadings contain conflicting factual allegations, or the defendant enters a general denial, an issue of fact exists, and the motion must be denied without the opportunity for either party to introduce evidence to contradict the formal allegations. Similarly the motion for summary judgment can be supported, opposed, and decided solely on the basis of the pleadings, if the parties desire. In this instance the two procedures are identical. However, by employing summary judgment procedure to its fuller extent, the formal allegations or denials of fact may be pierced by affidavits and other materials outside of the pleadings, illustrating the primary purpose of summary judgment.”
In the case before us the proceeding is clearly a motion for judgment on the pleadings, and the trial court was not at liberty to consider any matter not within the pleadings. Dowden v. Hartford Accident & Indemnity Company, 151 So.2d 697 (La.App. 3d Cir. 1963), and Elrod v. Le Ny, 193 So.2d 299 (La.App. 4th Cir. 1966), cited by appellee, are cases involving summary judgment and not apposite to the question presented in this case.
The allegations of plaintiff’s petition having been denied in every essential as-spect, a judgment on the pleadings is not warranted under LSA-C.C.P. art. 965, regardless of any lack of merit which the denials on information and belief may appear to have.
The judgment appealed from is reversed. There is now judgment dismissing the motion for judgment on the pleadings, and the case is remanded for further proceedings according to law. Costs of this appeal shall be paid by appellee.
Reversed and remanded.