HOOD, Judge.
Plaintiffs, Robert A. Dragon, Jr., and Victor E. Kellner, seek to obtain judgment against defendant, American Bank & Trust Company, for $2,362.00, that being the amount which plaintiffs allege was wrongfully debited against their account by defendant, and for the additional sum of $1,000.00 as damages. An intervention was filed by Celestine Williams, and thereafter additional pleadings were filed by all parties to the suit.
Among the pleadings filed by defendant was a “Motion for Judgment on the pleadings,” pursuant to which a rule was issued directing plaintiffs to show cause why judgment should not be rendered on the pleadings dismissing plaintiffs’ suit as against the defendant. After hearing, the motion was granted and judgment was rendered by the trial court dismissing the suit as to defendant, American Bank & Trust Company. Plaintiffs have appealed.
The sole issue presented on this appeal is whether the trial judge erred in rendering judgment on the pleadings in favor of defendant, based on the allegations of fact contained in plaintiffs’ pleadings and on the allegations of fact contained in defendant’s pleadings which are not denied by plaintiffs or by the effect of law.
Article 965 of the Louisiana Code of Civil Procedure provides:
“Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true.” (Emphasis added.)
A motion for judgment on the pleadings presents solely a question of law. In determining whether such a motion should or should not be granted, the court must consider only the pleadings. Supporting evidence will not be permitted. Hygrade Investment, Inc. v. Leonard, 197 So.2d 702 (La.App. 4th Cir. 1967, Writ refused) ; Alexander v. Bates, 192 So.2d 186 (La.App. 1st Cir. 1966); 21 La.L.Rev. 209, 212.
The pleadings filed by plaintiffs consist of the original and two amended petitions, and of an answer, an exception and a re-conventional demand filed in response to the petition of intervention. In their original" petition plaintiffs allege that on February 2, 1967, defendant debited their account in the amount of $2,362.00, that no return of a negotiable instrument or other evidence of debt in that amount was made by defendant, and that defendant thus is indebted to them for the amount which was wrongfully debited. In their first amended petition plaintiffs allege that the account is in the name of “Dragon & Kellner, Attorneys at Law,” and that the contents of that account are the property of plaintiffs. In their second supplemental petition plaintiffs allege that the defendant bank has admitted that it is in possession of a check *475 for $2,362.00 “issued by the Treasurer of the United States to Marie Celestine Williams and duly endorsed by her and deposited in petitioners’ account,” and that defendant by wrongfully retaining said check has caused damages to petitioners in the amount of $1,000.00.
In the only other pleading filed by plaintiffs, that being the answer, exception and reconventional demand filed in response to the intervention of Celestine Williams, plaintiffs affirmatively allege that the in-tervenor is indebted to plaintiffs for attorneys fees for the wrongful issuance of a temporary injunction, and that “the said check” was delivered by Celestine Williams to Robert A. Dragon, Jr., to be negotiated with the understanding that certain disbursements were to be made from it “when said check had been cleared.”
We have carefully examined the pleadings which were filed by plaintiffs. In substance, plaintiffs allege that the defendant bank has wrongfully debited their checking account in the amount of $2,362.00, without any right or authority to do so, and that plaintiffs thus are entitled to recover the amount of that debit from defendant. If those allegations of fact alone are considered as being true for the purposes of the motion for judgment, then we feel that they are not sufficient to support that motion and that the judgment appealed from would have to be reversed. For the purposes of such a motion, however, LSA-C.C.P. art. 965 provides that we also must consider “all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law.” In view of that provision, we have reviewed all of the other pleadings in order that we might determine and consider as true for the purposes of this motion all allegations of fact in the defendant’s pleadings which have not been denied by plaintiffs, either formally or by the effect of law.
The defendant bank filed an answer in which it affirmatively alleged that the amount of the above described check was credited to plaintiffs’ account when it was deposited, that the Social Security Payment Center of Kansas City, Missouri, stopped payment on that check, that defendant received a returned check memorandum from the U. S. Treasury Department showing that payment had been refused, together with a photostatic copy of the check, that this returned check memorandum and photostatic copy of the check were returned to plaintiffs, and that defendant thereupon debited the account of plaintiffs for the amount of the check. Defendant further alleged in its answer that on April 28, 1967, it received the original check from the Treasury Department, and that on May 1, 1967, that check was tendered in open court for delivery to plaintiffs, and on May 5, 1967, the check was mailed to plaintiffs by certified mail and was received by them. Substantially the same facts were alleged by defendant, American Bank & Trust Company, in the Motion for Judgment on the Pleadings which it filed.
Plaintiffs filed no reply to the answer of defendant, and they did not file an answer or a reply of any kind to the motion for judgment on the pleadings. There is no record of what transpired at the hearing which was held on the motion for judgment, so as far as the record shows plaintiffs have made no formal admission or denial of any of the allegations of fact contained in the pleadings filed by defendant.
On the basis of these pleadings the trial judge granted the motion for judgment and he rendered judgment dismissing this suit as against the defendant, American Bank & Trust Company, at plaintiffs’ costs. In his reasons for judgment, the trial court said: “The allegations of fact in the pleadings and in the motion for judgment on the pleadings filed by the defendant bank concerning the circumstances of this episode have not been denied by the plaintiffs, and accordingly, and by effect of law, defendant’s motion should be sustained.”
Plaintiffs contend that the trial judge erred in considering as true the allegations *476 of fact contained in the motion for judgment on the pleadings filed by defendant. They argue that replicatory pleadings are not required by our law, that it was not necessary for plaintiffs to answer or reply to the motion for judgment on the pleadings, and that the allegations of fact contained in that motion are considered by law as having been denied by plaintiffs.
LSA-C.C.P. art. 852 provides, in part, that:
“ * * * No replicatory pleadings shall be used and all new matter alleged in exceptions, contradictory motions, and answers, whether in a principal or incidental action, shall be considered denied or avoided.”
Defendant concedes that it was not necessary for plaintiffs to file replicatory pleadings to the answer filed by defendant, and that the allegations of fact contained in the answer must be considered as having been denied. It argues, however, that a different rule applies to the motion for judgment on the pleadings, and that since plaintiffs “failed to deny” any of the allegations contained in that motion, these allegations must be considered as being true for the purposes of that motion.
The motion for judgment on the pleadings which was filed by defendant herein is a “contradictory motion,” as that term is used in LSA-C.C.P. art. 852. In our opinion plaintiffs are not required to file an answer or replicatory pleadings to such a motion, and in the absence of any such pleading the allegations of fact in the motion must be considered as having been denied by effect of law. Since the allegations in the motion have been denied “by effect of law,” they cannot be considered as being true for the purposes of that motion.
In our opinion, all of the allegations of fact contained in the pleadings filed by defendant must be considered as having been denied by plaintiffs, and thus these allegations cannot be assumed to be true for the purposes of the motion for judgment on the pleadings. The only allegations of fact which may be considered as being true for the purpose of the motion for judgment are the allegations contained in the pleadings filed by plaintiffs. As we have already pointed out, those factual allegations are not sufficient to support the judgment which was rendered by the trial court.
Defendant contends alternatively, as we understand its argument, that the motion for judgment on the pleadings should be treated as a motion for a summary judgment under LSA-C.C.P. art. 966. It is argued that the judgment appealed from could properly have been rendered as a summary judgment, since “there is no genuine issue as to material fact.”
In support of that argument, defendant points out that LSA-C.C.P. art. 965 has as its source Rule 12(c) of the Federal Rules of Civil Procedure. (See Comments under Art. 965.) The cited Federal rule contains the following provision:
“ * * * If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and noti excluded by the court, the motion shall be treated as one for summary judgmenti and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. (Emphasis added.)
We find it unnecessary to consider the question of whether a motion for judgment on the pleadings may also be treated as one for summary judgment, because in this instance the record does not reveal that there were any matters outside the pleadings which were presented to and not excluded by the court. Also the record indicates that there is a “genuine issue as to material fact,” which would preclude the rendering of a summary judgment. The defendant, therefore, would not be entitled to a summary judgment of dismissal even *477 if the motion for judgment on the pleadings should be treated as a motion for summary judgment.
Our conclusion is that the trial judge erred in considering as true the allegations of fact contained in defendant’s pleadings, that the record and pleadings do not support a judgment of dismissal on the motion filed by defendant, and that the judgment appealed from must be reversed and the case remanded.
Plaintiffs’ demand for damages should be disposed of at the time the case is tried on its merits. For that reason, we express no opinion at this time as to whether there is any merit to that claim.
For the reasons herein assigned, the judgment appealed from is reversed, and the case is remanded to the trial court for proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.