TAYLOR, Judge.
Allen Jaffe, appellee-purchaser, on December 23, 1968 signed a written agreement to purchase real property in the City of New Orleans, Louisiana, from John J. Wood, appellant-seller for the sum of $58,-000.00 under conditions as set out in the agreement. This offer to purchase was accepted by appellant on the same day and, pursuant to the terms of the agreement, purchaser deposited ten percent of the purchase price.
Said agreement contained a provision that the act of sale would be passed on or prior to January 15, 1969 before purchaser’s notary.
The act of sale was never passed. Purchaser therefore filed suit seeking double the amount of his deposit alleging that the seller had failed to perform his part of the contract and the stipulated damages of double the deposit were due him by defendant. From a judgment in favor of purchaser for that amount the seller prosecutes this appeal.
The agreement to purchase contains the following language:
“23. Act of sale at expense of purchaser to be passed before purchaser's Notary, on or prior to _
“24. Jan 15 1969 provided that if bona fide curative work in connection with title is required, the parties herewith agree to
“25. and do extend the time for passage of act of sale by thirty days.”
* * * * * *
“32. The seller shall deliver to purchaser a merchantable title, and his *231 inability to deliver such title within the time stipulated herein shall render this con-
“33. tract null and void, reserving unto purchaser the right to demand the return of the deposit from the holder thereof, * * * ”
⅝ >{c ijc ⅝ ⅝ ⅝
“35. In the event the seller fails to comply with this agreement within the time specified or for any other reason, the purchaser shall have the right either to
“36. demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his
“37. option.”
At the trial it was admitted that the seller was not the owner of the property at the time the written agreement was signed and that he never acquired title to the property in question. However the seller contends that he was never put in default and no extension was asked for or given beyond the time specified in the contract for passage of the act of sale, January 15, 1969. Therefore he argues that the purchaser is entitled to the return only of his ten percent deposit. The purchaser, however, on the basis of a letter written by his attorney on January 24, 1969 wherein he acknowledges that the seller is having trouble acquiring title to the property, contends that lines 32-33 of the contract are applicable and the agreement was automatically extended to allow the seller an additional thirty days to cure any defects in title.
We are of the opinion that the provision relative to curative work, since it is used in connection with title, can only refer to the work necessary to make an owner’s title merchantable and not to give additional time in which to secure title by a non-owner. The purchaser agreed to pass the act of sale before his notary on or prior to January 15, 1969. It is encumbent upon the purchaser to notify the seller as to the time and place of the act of sale. At this time the seller is obligated to deliver a merchantable title. It is obvious that if a seller has no title there can be no question as to its merchantability.
If the act of sale had been set within the time stated and seller failed to deliver a title then, and only then, did the purchaser have a right to demand the return of his deposit plus an equal amount to be paid as penalty by the seller. In the case of Fox v. Doll, 221 La. 427, 59 So.2d 443 (1952), the Supreme Court held, “it is not necessary to put one formally in default who refuses to perform or who acknowledges an inability to perform.” The record reflects that there was no showing of either a refusal or acknowledgment of inability to perform by the seller so as to make a formal placing in default under LSA-C.C. art. 1913 a vain and useless gesture.
Article 1913 of the Revised Civil Code reads:
“In commutative contracts, where the reciprocal obligations are to be performed at the same time, or the one immediately after the other, the party who wishes to put the other in default, must, at the time and place expressed in, or implied by the agreement, offer or perform, as the contract requires, that which on his part was to be performed, otherwise the opposite party will not be legally put in default.”
As was stated in Caplan v. Airport Properties, 231 La. 1071, 93 So.2d 661 (1957):
“The fact that the defendants did not own the property at the time the agreement to purchase was entered into is of no moment. As counsel for the appellee correctly argues the sale of a hope is perfectly legal but when this hope is falsely represented as an actuality and does not materialize within the term of *232 the contract then one must pay the penalty. The defendants herein were not required to have title at the time of the original agreement hut when called upon within the stipulated time to convey title by an act of sale they must he able to do so or forfeit double the earnest money deposited. This has been decided by this Court in the case of Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118.”
(Emphasis added)
Under the agreement the seller was bound to deliver title when called upon to do so by the purchaser on or before January 15, 1969. Not having been called upon to deliver title on or before this date the seller cannot be said to have failed to comply with the agreement.
Since we have concluded that the seller did not fail to comply with the terms of the agreement, lines 44 and 45 which read:
“44. Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay * * *
“45. * * * all reasonable attorney’s fees and costs incurred by the other party, and/or agent in enforcing their respective rights.”
are not applicable. Since neither party placed the other in default as provided for in the agreement, the agreement lapsed by its own terms and purchaser is not entitled to attorney’s fees as provided for in the contract. Purchaser had only a right to demand the return of his deposit of ten percent or $5,800.00.
A demand was made by suit being filed and seller did not tender the amount of the deposit. Purchaser was required to litigate for the return of his own money. Therefore purchaser is entitled to all costs in this suit.
For the foregoing reasons the judgment of the lower court awarding purchaser double the amount of the deposit fees in the amount of $11,600.00 and for attorney’s fees in the amount of $350.00 and for all costs is hereby amended to award plaintiff $5,800.00 with legal interest from date of judicial demand and costs only.
Amended and as amended affirmed.