BOUTALL, Judge.
This is an appeal from a judgment on the • pleadings rendered against a defendant.
The procedural sequence leading up to the judgment is as follows. Carolyn and Harold Thomas filed suit against Allstate Insurance Company and Joseph R. Davis for personal injuries suffered by Carolyn Thomas when her vehicle was struck from the rear by defendant Davis’s automobile. In their petition, the Thomas’s alleged that Carolyn was employed by Sam R. Woods, Jr., d/b/a Hacienda Lighting Company and was using her car for company business. Davis was alleged to be uninsured, and on that basis, plaintiffs named as defendant the Allstate Insurance Company, the insurer of Woods, her employer. Allstate filed answer and then a motion for summary judgment, contending that its policy was not applicable to plaintiffs. Davis filed no answer, and a default judgment against him was taken in the amount of $10,000.
Upon hearing the motion for summary judgment of Allstate, the court granted judgment in favor of Allstate and the matter was appealed to this court. We set aside that judgment and remanded, noting that under the policy as introduced in evidence, we could not tell whether there was liability coverage or not. See Thomas v. Allstate, 321 So.2d 808 (1975). Allstate later filed another motion for summary judgment, submitting the policy in its entirety, and the trial judge rendered judgment dismissing that motion for summary judgment. The matter was then moved for trial on the merits by plaintiffs. At the beginning of trial, plaintiffs moved orally for a judgment on the pleadings. C.C.P. Article 961. The trial judge granted plaintiffs’ motion and rendered judgment in favor of plaintiffs against Allstate in the sum of $10,000, the same amount as previously rendered against the defendant Davis by default.
Allstate then filed this appeal assigning as error procedurally the granting of the judgment on the pleadings, as well assigning as error the substance of the trial judge’s finding of coverage under the insurance policy and utilization of the default judgment against Davis to establish liability and judgment value on the co-defendant insurance company. Because we are of the opinion that the motion for judgment on the pleadings was improperly used procedurally, we do not pass upon the correctness of the trial judge’s conclusions.
The motion for judgment on the pleadings is authorized under the provisions of Code of Civil Procedure Article 965:
“Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true.”
It is well settled that consideration of a motion for judgment on the pleadings must be based upon the pleadings alone and that supporting evidence is not to be considered. Dragon v. American Bank & Trust Company, 205 So.2d 473 (La.App. 3rd Cir. 1967); Hygrade Investment, Inc. v. Leonard, 197 So.2d 702 (La.App. 4th Cir. 1967), *1302 writs refused 250 La. 919, 199 So.2d 922; and Alexander v. Bates, 192 So.2d 186 (La. App. 1st Cir. 1966).
Plaintiff’s petition alleged the facts of the accident and Davis’s negligence, and the resulting injury. It also alleged the employment by Woods, the use of the vehicle in the scope of employment, the uninsured status of Davis, and the application of the insurance policy of Allstate purchased by Woods. The answer denied each of these allegations and reiterated that there was no insurance coverage afforded plaintiffs. Since all of the pertinent allegations of fact were denied, it is apparent that there was no basis under Article 965 and the cases cited upon which judgment on the pleadings could be rendered.
The appellee argues to us that the judgment could be based upon the trial court’s determination of availability of the policy, upon which the trial judge based his denial of summary judgment, and upon the default judgment granted plaintiffs against Davis. To this we answer that both of these circumstances lie outside the scope of inquiry set out in Article 965 and should not have been considered on this motion. The defendant Allstate is entitled to a trial on the merits with the production of pertinent facts to determine the availability of the insurance and its liability for the negligence of the uninsured motorist.
Accordingly, the judgment appealed is reversed, and there is judgment in favor of appellant Allstate Insurance Company and against appellees Carolyn T. Thomas and Harold F. Thomas, overruling and dismissing the motion for judgment on the pleadings, and remanding this matter to the trial court for a hearing on the merits. Costs to await the final disposition of the case.

REVERSED AND REMANDED.

BEER, J., filed concurring statement.