BEER, Judge.
Appellant Sudo, vendor, and Myers, vendee, executed an agreement to purchase real estate. Myers made a deposit of $250. The contract provided:
“In the event the seller fails to comply with this agreement within the time specified or for any other reasons, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller, or the purchaser may demand specific performance, at his option.”
Myers sued to recover $500, alleging that he was ready and willing to purchase but Sudo refused to sell. The Second Parish Court for the Parish of Jefferson awarded judgment in favor of Myers and against Sudo in the amount of $500, plus attorneys’ fees of $125, plus costs.
Appealing, Sudo contends that Myers never made formal demand for performance as contemplated by LSA-C.C. art. 1913 and is not entitled to recover under the penalty clause of the contract; he argues that the parties should simply be returned to status quo with the deposit of $250 returned to Myers.
Appellant relies on Jaffe v. Wood, 247 So.2d 229 (La.App. 4th Cir. 1971), but we are more persuaded by Fox v. Doll, 221 La. 427, 59 So.2d 443 (1952), which states:
“it is not necessary to put one formally in default who refuses to perform or who acknowledges an inability to perform.”
Here, the vendor sufficiently revealed his unwillingness to sell the property so that putting in default became a vain and useless gesture, which the law does not require.
We turn to a consideration of this critical factual determination:
At the trial, Myers sought to introduce the testimony of Mr. Luther Le-vasseur, his agent, regarding the vendor’s unwillingness to sell. When Mr. Levasseur was asked to tell of any circumstances that he personally knew of concerning a document (purportedly a so-called “release agreement”) being sent to his agency by Mrs. Marie Culotta, who was the listing agent of vendor, that testimony was objected to and excluded as hearsay. However, a verbal exchange did take place sufficient to elicit testimony indicative of the vendor’s unwillingness to go through with the sale. Specifically, the vendee’s agent was informed by the vendor’s agent that the vendor would not go through with the sale. We think this portion of the agent’s statement was admissable as an exception to the hearsay rule. See Wigmore on Evidence, Vol. IV, § 1078. We believe that material statements of an agent who is acting for a principal are admissable when offered by a party opponent. See Bobo v. Sears, Roebuck and Company, 308 So.2d 907 (La.App. 2nd Cir. 1975). Thus, Mrs. Culotta’s statement to Mr. Levasseur regarding her principal’s unwillingness to sell is binding on Sudo and constitutes an admission against interest. This testimony is particularly dis-positive of the issue of notice of default by conclusively revealing vendor’s unwillingness to sell, so that any formal notice of default by the vendee would have been a vain and useless gesture.
Accordingly, the judgment is affirmed, at appellant’s cost.

AFFIRMED.