416 So.2d 192 (1982)
Pete PENNINGTON
v.
F. G. SULLIVAN, JR., CONTRACTORS, INC., et al.
No. 14757.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Rehearing Denied July 13, 1982.
*193 Arthur Cobb, Baton Rouge, for plaintiff-appellant Pete Pennington.
Gerard E. Kiefer, and Paul Marks, Jr., Baton Rouge, for defendant-appellee F. G. Sullivan, Jr., Contractors, Inc.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Plaintiff appealed from a summary judgment dismissing F. G. Sullivan, Jr., Contractors, Inc., one of five defendants.
The issue is whether summary judgment was appropriate.
We reverse and remand.
Plaintiff was injured when a dump truck pulled out in front of him, causing him to lose control of his motorcycle. In a suit for his damages, he alleged that the dump truck causing the accident was owned or operated by the defendants, F. G. Sullivan, Jr., Contractors, Inc. and/or J. H. Jenkins Contractors, Inc. Motions for summary judgment were granted in favor of defendants, Sullivan, Jenkins and a third defendant. Plaintiff has appealed only from the judgment in favor of Sullivan.
The record, designated by the plaintiff, contains: the petition, the motion by Sullivan and a supporting affidavit, opposition by plaintiff and a supporting affidavit, a job report evidently issued by the City-Parish and the judgment of dismissal. The briefs of both counsel, the motion for summary judgment and the opposition to the motion indicate that other affidavits and depositions were utilized. However, plaintiff has designated only the above for inclusion in the appellate record and defendant has not requested that the record be supplemented. La.C.C.P. Art. 2128.[1] References to other sources and the attachment to defendant's brief of excerpts from the depositions are therefore unavailing.
The affidavit of F. G. Sullivan avers that he is the owner of the defendant corporation and that it had no dump trucks dispatched into the vicinity of the accident on the day plaintiff was injured.
The plaintiff's opposition had attached an affidavit of an investigator, who said that Gary Sullivan, an employee of Sullivan, reported that he checked the company's daily reports for the date of the accident and found that although the records reflected *194 no work was performed that day, some materials might have been hauled and that information obtained from the City-Parish indicated that Sullivan did work at the job on the day of the accident. He further stated that an inspector with the Louisiana Department of Transportation and Development said that Sullivan might have had dump trucks operating in the area on the date in question.
In the final paragraph of his affidavit, the investigator refers to a copy of the City-Parish records attached to a deposition. While this deposition is not in the appellate record, a copy of a job report showing that Sullivan, a contractor on the job, performed work on the date of the accident follows the affidavit. Since the job report has not been sworn and certified,[2] it is not properly in the appellate record and cannot be considered.
Although much of the affiant's statement is inadmissible into evidence and cannot be considered, the conversation with Gary Sullivan serves as an exception to the hearsay rule. Material statements of an agent who is acting for a principal are admissible when offered by a party opponent. Myers v. Sudo, 377 So.2d 482 (4th Cir. 1979), writ denied 380 So.2d 100 (La. 1980).
Any doubt concerning a dispute as to a material fact must be resolved against granting the motion for summary judgment. Gulf-Wandes Corporation, et al. v. Vinson Guard Service, Inc., et al., 393 So.2d 207 (1st Cir. 1980), writ denied 397 So.2d 1359 (La.1981). The record on appeal does not dissipate the factual issue of whether defendant's trucks were in the area on the day of the accident.
For these reasons, the decision of the trial court is reversed at Sullivan's cost for the appeal. All other costs are to await the final outcome. The case is remanded for additional proceedings.
REVERSED AND REMANDED.
NOTES
[1] La.C.C.P. Art. 2128:

"The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court."
[2] La.C.C.P. Art. 967:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt."