KLEES, Judge.
Plaintiff sought Workmen’s Compensation benefits from his former employer. The trial court concluded that plaintiff’s injury was caused by his intoxication at the time of the injury and disallowed compensation benefits under LSA-R.S. 23:1081.
The issues presented in this appeal are 1) whether there was sufficient proof of plaintiffs’ intoxication and 2) whether plaintiffs’ intoxication caused his injuries.
Our review of the record in this case convinces us that the trial court correctly concluded that plaintiff was intoxicated at the time of the injury and his intoxication caused his injuries, and we affirm.
On June 4, 1979, the plaintiff was employed as an automobile salesman for Tulane Toyota. At approximately 4 P.M. plaintiff was travelling east bound in the left lane of U. S. Highway 90 when for some unknown reason he attempted to negotiate a U-turn. The record discloses that a Mr. Henry W. Barres, Jr., was heading west bound in the left lane and saw plaintiffs’ vehicle pull into the median, hesitate and then pull out and make a wide turn, whereupon the Barnes vehicle struck plaintiffs’ vehicle broadside in the far right lane. As plaintiff did so, Barnes shifted from the left inside lane to the right outside lane. Barnes testified that he was travelling 50 miles per hour, and was approximately 100 yards from the intersection when he changed lanes.
At trial plaintiff was suffering from total traumatic amnesia as well as other very severe injuries and was not able to take the witness stand. A witness in the following vehicle, Charles Collins, stated the accident was unavoidable.
Officer Ann Bourgeois Wilcox testified at trial that she observed the interior of plaintiff’s vehicle and noticed a broken bottle of vodka and detected the odor of alcoholic beverages. She then recalled that plaintiff was mumbling, but he was incoherent. From the mumbling and looking at the vehicle afterwards, she suspected that plaintiff had been drinking and requested that a blood alcohol test be taken. The results of the blood alcohol test showed that plaintiff had a .24 percent alcohol level in his blood. Trooper Wilcox also testified that it was a clear day and the view from the intersection towards the approaching Barnes vehicle was unobstructed. Dr. Monroe Samuels, an expert in the field of pathology, testified at trial that at .24 percent alcohol level in the blood, a hundred percent *1307 of the population would have significant impairment with regard to driving abilities — such as distance, judgment, depth perception, reflex time, audio visual coordination and assessment of the speed of oncoming traffic.
The trial court concluded that under the evidence submitted at trial plaintiff would not have made a U-turn on Highway 90 if not for his state of intoxication and cited the most recent Supreme Court decision, Parker v. Kroger’s Inc., 394 So.2d 1178 (La.1981). In Kroger, as here, the issue was whether Kroger met the burden of proving that plaintiffs’ injury was caused by his intoxication at the time of the injury.
From the facts elicited at trial in this case we can find no manifest error, nor showing that the trial court was clearly wrong in his findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Canter v. Koehring Company, 283 So.2d 716 (La.1973), Parker v. Kroger's Inc., supra, Clay v. Bituminous Gas Co., 401 So.2d 1257 (1st Cir. 1981).
The blood alcohol test administered to plaintiff showed he had a blood alcohol level of .24. Officer Wilcox testified that there was a vodka bottle in the front seat of plaintiff’s automobile and she noticed the odor of alcohol. Dr. Samuels testified that depth perception, reflex time, audio visual coordination and judgment of speed would be significantly affected in an individual with a .24 percent blood alcohol level.
Accordingly, the judgment of the trial court dismissing plaintiff’s action for workmen’s compensation benefits is affirmed.
AFFIRMED.