GAUDIN, Judge.
The only issue involved in this appeal is whether LSA-R.S. 23:1081(1)(b) unconstitutionally discriminates against alcoholics. In pertinent part, the statute states that no workmen’s compensation benefits shall be allowed for an injury caused by the employee’s intoxication at the time of the injury. For the following reasons, we affirm the district court holding that the statute is constitutional.
Curtis Wayne Smith was fatally injured while piloting a rented Cessna 180 seaplane. He crashed into a pipeline embankment near Lafitte, Louisiana. Blood tests performed after the accident showed Smith’s alcohol level to be between .211 and .237, far in excess of the amount allowed by federal aviation regulations.
The instant action was instituted in the 24th Judicial District Court by Smith’s surviving widow and children. On February 11, 1988, the trial judge granted a motion for summary judgment filed by Smith’s employer and its insurance carrier, thereby dismissing petitioners’ claims for death benefits, statutory penalties and attorney fees.
On appeal, appellants contend only that alcoholism is a chronic disease and that R.S. 23:1081(l)(b), denies equal 14th Amendment[1] rights to those classified as alcoholics. Appellants liken alcoholism to epilepsy as a disease and argue that epileptics have rights unfairly denied to alcoholics.
*1283 Appellants do not contend, and the record in no way suggests, that the sued-on accident was caused by anything other than Smith’s intoxication. There are no allegations about possible equipment failures. An investigation by the National Transportation Safety Board revealed no evidence of any mechanical malfunction. Weather was not a factor; the sky was clear. There are, therefore, no contested issues of fact.
The questioned statute does not discriminate against alcoholics as a class. An admitted alcoholic can recover workmen’s compensation benefits so long as intoxication did not cause the injury. Likewise, a non-alcoholic can not receive benefits if his intoxication caused the accident. Legislative intent seems clear. A worker who becomes intoxicated and hurts himself or herself is not to be rewarded.
In enacting R.S. 23:1081(1)(b), the legislature merely stated, no more or no less, that an employee can’t receive benefits if his or her intoxication caused the injury. Statutory enactments are presumed constitutional. For a court to declare a statute unconstitutional, it must be shown that the classification, assuming for argumental purposes that there was a classification, was arbitrary and had no rational basis or that it did not have any relationship to a legitimate state interest. Appellants here do not make the required showing.
In granting the defendants’ motion for summary judgment, the trial judge said in his “Reasons for Judgment”:
“Alcoholism may indeed be a disease, but a diseased person is responsible for effects resulting from the disease. A person suffering with a disease ought not to attempt to pilot a plane if he knows that his disease could interfere with the proper operation of the aircraft. The Court cannot award worker’s compensation benefits to Mr. Smith’s family because Mr. Smith was intoxicated at the time of the accident, Conley v. Liberty Mutual Insurance Company, 421 So.2d 254 (La.App. 4th Cir., 1982); Richard v. Tulane Toyota, Inc., 419 So.2d 1306 (La.App. 4th Cir., 1982).”
Motions for summary judgment are appropriate when there are no contested issues of fact or law. We affirm the granting of such a motion in this instance, with appellants to bear costs.
AFFIRMED.

. —to the United States Constitution.