jiDECUIR, Judge.
This appeal arises out of a concursus proceeding instituted by James Noel, d/b/a Sunrise Realty, to resolve a dispute over a deposit given in connection with a purchase agreement. The trial court granted a judgment on the pleadings in favor of the prospective purchaser, John Broussard. We reverse.

FACTS

James A. Noel, d/b/a Sunrise Realty, as a real estate agent, contacted John B. Brous-sard about the purchase of some property. On March 10,1992, Mr. Broussard signed an Agreement to Purchase or Sell Property for $75,000.00. The Agreement to Purchase or Sell provided that Broussard, as Purchaser, offered to buy all of the property of Asa Barras, as Seller, located |2on Buster Drive, Ward Three of Vermilion Parish, Louisiana, along with all buildings and improvements ... on grounds measuring about 1.5 acres. This offer was accepted by Barras and was signed by him on the same date. No representative capacity of either party appears on the Agreement to Purchase or Sell. At the time that Broussard signed the Agreement to Purchase or Sell, he deposited the sum of $7,500.00 with Noel.
Subsequent to the signing of the Agreement to Purchase or Sell, Broussard notified Noel and Barras of his desire to withdraw from the contract and recover his deposit. Broussard was notified by Noel that Barras intended to enforce the Agreement. Upon investigation of the Agreement, it was determined that Barras was not the owner of any property on Buster Drive in Vermilion Parish, Louisiana. The Agreement called for Barras to deliver merchantable title of the property to Broussard by March 25, 1992.
*531 Subsequent to March 10, 1992, Broussard was notified that the owner of the property was actually Pelican Well Logging Service, Inc., a company in which Barras was a stockholder. Although Pelican was not a signing party to the Agreement, Pelican contacted Broussard and demanded that he perform according to the aforementioned Agreement. Barras and Pelican scheduled a closing for March 25, 1992, as stipulated in the Agreement to Purchase or Sell and sent notice to Broussard. Broussard failed to appear for the closing.
Noel, the real estate agent, advised Broussard that since there was a dispute over the deposit, he would invoke a concursus proceeding. Pelican’s attorney later notified Broussard that Pelican was forfeiting the deposit. On the following day, Pelican sold to Ke-Co (another corporation) the property which was the subject of the Agreement to Purchase or Sell for the price and sum of $75,000.00. Suit for Concursus was filed on May 4, 1992. An Answer to Petition for Concursus and Cross Claim was filed by Pelican on May 4, 1992. In its pleadings, Pelican claimed that it had a right to the $7,500.001 ¡¡deposit and damages because Bar-ras was actually an officer of the corporation and authorized to act for it on March 10, 1992.
Broussard, on May 26, 1992, filed Peremptory Exceptions of No Cause and/or No Right of Action to the Cross Claim. On July 24, 1992, Judge Simon maintained the exceptions of no cause of action and no right of action. The court found that Pelican had failed to state a cause of action or a right of action against Broussard since no written authority executed by Pelican and authorizing Barras to enter into the Agreement to Sell Immovable Property had been produced relative to the agreement of March 10, 1992, and, therefore, the agreement of March 10, 1992 was without legal effect.
Subsequently, Judge Simon allowed Pelican to amend its pleadings on its averment that Barras did have actual written authority and he just had not offered it at the trial on the exceptions. In addition, Barras intervened individually in the proceeding claiming a right to the deposit by virtue of Brous-sard’s failure to perform. Pelican’s Second Supplemental and Amending Cross Claim alleges that:
“At all time pertinent hereto, Pelican Well Logging Service, Inc., authorized Asa Bar-ras, its majority stockholder, only officer, and only director, in writing and by written Resolution of the Board of Directors of said corporation, to act for this corporation, ...”
After this amendment, the case was scheduled for trial. In pre-trial proceedings with Judge Duplantier and prior to the beginning of the trial, the defendant-appellee moved for a judgment on the pleadings in accordance with Code of Civil Procedure Article 965. The trial court granted the motion for judgment on the pleadings and dismissed the case ordering the concursus funds returned to Broussard. Pelican and Barras appeal.

LAW AND DISCUSSION

Appellants contend that the trial court erred by failing to accept as true all allegations of fact contained in the pleadings filed by Pelican and Barras. We agree.
I4A motion for judgment on the pleadings should be granted only when facts are so clear and unquestioned that a trial on the merits is unwarranted. Lemelle v. City of Opelousas, 540 So.2d 1282 (La.App. 3d Cir.1989). Furthermore, both trial and reviewing court are limited to a review of the pleadings, and must assume that all allegations of fact contained in the pleadings filed by the party against whom the motion for judgment on the pleadings is filed are true and all allegations made by mover are denied. Lemelle, supra; Dragon v. American Bank and Trust Company, 205 So.2d 473 (La.App. 3d Cir.1967).
Further, it is well settled that the vendor is not required to own the property at the time that he executes an agreement to sell it. Caplan v. Airport Properties, Inc., 93 So.2d 661, 231 La. 1071 (1957). If the act of sale is set within the time stated and the seller fails to deliver a title, then, and only then, does the purchaser have the right to demand the return of his deposit. Caplan, *532 supra; Jaffe v. Wood, 247 So.2d 229 (La.App. 4th Cir.1971).
In the present case, Pelican and Bar-ras allege that a closing was set on the date stipulated and that they appeared ready and willing to deliver merchantable title. They further allege that Broussard failed to appear, despite notice. Assuming these allegations to be true, the trial court erred in granting Broussard’s motion for judgment on the pleadings.
For the foregoing reasons the judgment of the trial court is reversed and the case remanded for trial on the merits. All costs of this appeal are assessed against appellee, John Broussard.
Reversed and Remanded.