540 So.2d 1232 (1989)
Saleta LEMELLE, Plaintiff-Appellant,
v.
CITY OF OPELOUSAS & Travelers Insurance Company, Defendants-Appellees.
No. 87-1295.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
*1233 Jarvis J. Claiborne, Opelousas, for plaintiff-appellant.
Dauzat, Falgoust, Caviness & Bienvenu, Steven J. Bienvenu, Opelousas, for defendants-appellees.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
YELVERTON, Judge.
The single issue presented in this appeal is whether a plaintiff should be allowed to amend his petition if, by doing so, he can remove grounds which otherwise would justify a judgment on the pleadings in favor of the defendant. We hold that, pursuant to our liberal pleading rules in this state, a party should be allowed to amend under such circumstances. The failure of the trial court to permit the amendment *1234 in the present case was error, the judgment on the pleadings granted by the trial court is reversed, and the case is remanded with instructions to permit the amendment and to conduct further proceedings in accordance with law.
The procedural facts are before us in a jointly signed "Statement of the Case and Action at Trial Court", pursuant to La.C.C. P. art. 2131. We here quote the joint statement in full:
"On October 3, 1985, plaintiff-appellant was involved in a collision with a truck that belonged to the CITY OF OPELOUSAS. The truck was operated by a city employee and insured by defendant-appellee, TRAVELERS INSURANCE COMPANY. Appellant filed suit in proper person on October 3, 1986. The petition did not name the employee as a defendant, but named as defendants, CITY OF OPELOUSAS and TRAVELERS INSURANCE COMPANY.
"Defendants-appellees filed a motion for judgment on the pleadings. Oral argument was held on September 4, 1987. Defendants-appellees argued successfully that since there was no language alleging that Hebert Forbes, the employee was acting in the course and scope of his employment with the CITY OF OPELOUSAS, that the city and insurer should be dismissed as defendants, and a motion for judgment on the pleadings should be granted.
"The plaintiff-appellant was ordered to file a brief supporting his contention that a [sic] amended and/or supplemental petition would relate back to the original filing. A minute entry dated September 10, 1987 sustained defendants' exception. Plaintiff-appellant filed a `memorandum in support of amending and supplemental petition' on September 14, 1987, subsequent to the adverse ruling, but before he received notice of the minute entry. Simultaneously, plaintiff filed an amending and supplemental petition which alleged that Hebert Forbes was acting in the course and scope of his employment with the CITY OF OPELOUSAS at the time of the accident."
Although the motion (referred to in the above joint statement as an exception) was decided on September 10, 1987, the formal judgment was not signed until October 19, 1987. In the meantime, the plaintiff filed a memorandum and an amending and supplemental petition. It is apparent that sometime between September 14 and October 19, the trial court decided not to permit the filing of the amending petition, dismissing the suit instead.
Judgment on the pleadings is made available as a procedural tool by La.C.C.P. art. 965, which reads:
"Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true."
A motion for judgment on the pleadings presents solely a question of law. Dragon v. American Bank & Trust Co., 205 So.2d 473 (La.App. 3rd Cir.1967). Our courts favor giving a party his day in court hence judgment on the pleadings and summary judgment are granted only when the legal right is clearly established. Succession of Mack, 366 So.2d 1063 (La.App. 1st Cir.1978).
In our opinion, the trial court should have allowed the amendment to be filed. If the trial court's decision not to allow the amendment was based upon the belief that insufficiency of a petition could not be cured by amendment when tested by a motion for judgment on the pleadings, the decision was in error.
Leniency in permitting the amendment of pleadings has long been favored. In Patterson v. City of DeRidder, 235 La. 140, 103 So.2d 68 (1958), our Supreme Court said:
"[U]nder our modern trend of disregarding technicalities of pleading, in the interest of justice, and to prevent a multiplicity of suits, we have shown great leniency *1235 in permitting the amendment of pleadings to insure the party has his day in court where it is obvious the petitioner has a cause of action but has merely failed to allege sufficient well pleaded facts to bring the petition within the rules of proper pleading. This leniency is accorded, however, only when the amended and supplemental petition does not assert a different and distinct cause of action from the relief originally sought, change the substance of the demand, and the right of opposing parties to answer the petition as amended is protected."
See also La.C.C.P. art. 5051, requiring liberal construction of procedural rules.
The policy of leniency in allowing amendments to pleadings is also manifest in C.C. P. articles 932-934, which provide that when the grounds of the objection pleaded in declinatory, dilatory, and peremptory exceptions may be removed by amendment, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.
A provision mandating permission to amend under like circumstances is not found in the Code in connection with the motion for judgment on the pleadings, but no sound reason suggests itself as to why the right to amend should not be equally available there, particularly where the effect of the amendment is to do no more than cure a technical defect in the pleadings.
Our Article 965 motion for judgment on the pleadings is drawn from Federal Rule 12(c). We are thus justified in looking to federal rules decisions for assistance in resolving questions arising under our law. In the federal courts a motion for judgment on the pleadings is theoretically directed towards a determination of the substantive merits of the controversy; thus, courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner. C. Wright & A. Miller, 5 Federal Practice and Procedure § 1369, at 698 (1969). In the federal courts a motion for judgment on the pleadings should be denied if the complaint contains even the most basic of allegations that, when read with great liberality, could justify plaintiff's claim for relief. Cardio-Medical Associates, Ltd. v. Crozer-Medical Center, 536 F.Supp. 1065 (D.C.Pa.E.D. 1982). When the federal judge finds that the complaint fails to meet even the minimal notice pleading requirements of the federal rules, he has the option and should in most circumstances permit a plaintiff to file an amended complaint. Id.
There is another reason why the amendment should have been permitted. Louisiana courts will look through the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding. Succession of Wilson v. Wilson, 446 So.2d 526 (La. App. 3rd Cir.1984). In the present case what defendants are really challenging is the sufficiency of the plaintiff's petition, not the substantive merits of the controversy. Since all of the claimed facts have not been alleged, the merits of the case cannot be decided by the summary method of judgment on the pleadings, because the pleadings do not state all of the facts leaving for decision only a question of law. If we regard defendants' motion for judgment on the pleadings as no more than a challenge of the sufficiency of the plaintiff's petition to state a cause of action, it is clear that plaintiff should have been allowed to amend her petition, because by amending to allege that Hebert Forbes was negligent and that he was acting in the course and scope of his employment with the city of Opelousas at the time of the accident, she will state a cause of action. These simple allegations of fact will foreclose a judgment on the pleadings. The amendment should have been permitted.
If the trial court's decision not to allow the amendment was based upon the belief that the amendment would not relate back, that, too, was in error. La.C.C.P. art. 1153 provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set *1236 forth in the original pleading, the amendment relates back to the date of filing the original pleading."
This article requires only that the amending petition's thrust factually relate to the conduct, transaction or occurrence originally alleged. Gunter v. Plauche, 439 So.2d 437 (La.1983). Although the factual allegation that Hebert Forbes was acting in the course and scope of his employment with the City of Opelousas at the time of the accident, is a crucial element in the plaintiff's statement of a case against the city, the additional factual allegation unquestionably is an element arising out of the conduct, transaction or occurrence attempted to be set forth in the original pleading. The relation back provision, C.C.P. art. 1153, should not have been any obstacle to the allowance of the amending petition.
For these reasons, the judgment of the trial court granting judgment on the pleadings in favor of defendants and dismissing the action is reversed; the case is remanded with instructions to the trial court to grant the plaintiff's application for leave to amend the petition, and for further proceedings. Costs of this appeal will be paid by the defendants.
REVERSED AND REMANDED.