543 So.2d 66 (1989)
Harry F. CONNICK, District Attorney for the Parish of Orleans
v.
The CITY OF NEW ORLEANS, Sidney Barthelemy, Dorothy Mae Taylor, Joseph I. Giarrusso, Peggy Wilson, James Singleton, Mike Early Lambert Bossiere, Jr., Johnny Jackson, Jr.
No. 89-CA-0066.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1989.
Writ Denied June 2, 1989.
William F. Wessel, Victoria L. Bartels, Wessel, Bartels & Ciaccio, New Orleans, for plaintiff.
Okla Jones, II, City Atty., William D. Aaron, Chief Deputy City Atty., Val K. Scheurich, III, Blaine Lecesne, Deputy City Attys., New Orleans, for defendants.
Before BARRY, LOBRANO and WILLIAMS, JJ.
BARRY, Judge.
On December 1, 1988 the New Orleans City Council passed Ordinance 12801 M.C.S. (the City's budget) without an appropriation for the Orleans Parish District Attorney's Office. On December 21, 1988 the District Attorney filed a writ of mandamus, naming as defendants the members of the City Council, the Mayor and City of New Orleans.
The mandamus sought a judgment ordering the defendants to "adopt and make a part of the City's budget of expenditures for 1989, the budget request made by the District Attorney's Office" for $2,473,833.
On December 22, 1988 the City Council passed Ordinance 12935 M.C.S. which amended 12801 M.C.S. and allocated $1,436,825 to the District Attorney's office.[1]
On the same date the defendants filed several exceptions, including no cause of action and mootness. On January 3, 1989 the district court sustained no cause of action, found the petition moot, and dismissed it with prejudice.
In reviewing an exception of no cause of action, *67 [T]he correctness of the allegations of fact is conceded and every reasonable interpretation must be accorded to the language of the petition in favor of maintaining its sufficiency and affording plaintiff the opportunity of presenting his evidence.
Cooley v. State, 533 So.2d 124, 125 (La. App. 4th Cir.1988).
A writ of mandamus may be used to direct a public officer to perform certain duties specified in La.C.C.P. Art. 3861. The writ may be issued when no relief is provided by ordinary means or where delays by ordinary relief might cause injustice. La.C.C.P. Art. 3862. Relevant to a public officer, a writ of mandamus may be used "to compel the performance of a ministerial duty required by law." La.C.C.P. Art. 3863. A writ of mandamus may not be used to compel discretionary duties. Fremin-Smith Serv., Inc. v. St. Charles Parish, W.D. No. 1, 300 So.2d 514 (La.App. 4th Cir.1974).
The District Attorney argues that the City has a statutory obligation to fund his office pursuant to La. R.S. 15:304 and La. R.S. 16:71. R.S. 15:304 provides in relevant part:
All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, maintenance and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses, jurors and all expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. The expenses shall be paid by the parish treasurer or by the city of New Orleans after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court. The fees, salaries and expenses to be paid shall be fixed and regulated by the parish or city authority unless otherwise provided by law;
* * * * * *

provided further that this shall not become effective until the council of the city of New Orleans will have appropriated sufficient funds for this purpose. Notwithstanding the provisions of this Section, the city of New Orleans shall only pay the above expenses after the special account created pursuant to R.S. 15:571.11(D), and to the extent authorized thereby, shall have been depleted, (emphasis added).
La.R.S. 16:71 provides:
A. There shall be a district attorney for the parish of Orleans.
B. He shall be elected by the voters of the parish at the time and for such term as are provided in R.S. 16:1. He shall receive an annual salary of not less than twenty thousand dollars to be paid by the state in equal installments and such amount as the city of New Orleans shall appropriate, to be paid in equal monthly installments.
C. He shall be a licensed attorney and shall perform all duties now prescribed by law or hereafter prescribed by the legislature. He shall appoint the necessary assistants to the district attorney of the parish of Orleans, in accordance with law, who shall be licensed attorneys and the necessary clerks, stenographers and special officers for the district attorney and fix salaries which shall be paid by the city of New Orleans with funds otherwise made available to the district attorney.
D. The city of New Orleans shall provide a sum of not less than one hundred and twenty-four thousand dollars per annum for the payment of the salaries of the assistant attorneys, clerks, stenographers, special officers, and the expenses of the district attorney's office.
E. The assistant district attorneys, clerks, stenographers and special officers may be removed at the discretion of the district attorney.
Pursuant to La.R.S. 16:71 the City is required to pay $124,000 for salaries and expenses. In general, La.R.S. 15:304 requires the District Attorney's expenses to be paid by the City and is effective when the City Council appropriates funds for that purpose.
*68 The District Attorney's petition alleges no funds were allocated. Thus, accepting the allegations as true at the time the petition was filed, we find the petition does state a cause of action.
The City Council appropriated more than the $124,000 as mandated by La.R.S. 16:71. The City can not be required to pay other expenses until the City Council appropriates funds for that purpose. Therefore, the petition for a mandamus is moot.
The District Attorney relies on Reed v. Washington Parish Police Jury, 518 So.2d 1044 (La.1988). However, that case deals with La.R.S. 16:6 as to the funding of offices of district attorneys other than Orleans Parish.
Revised Statute 16:6 provides:
Reimbursement for expenses; payment by police juries
The district attorneys of this state, the parish of Orleans excepted, shall be entitled to an expense allowance for salaries of stenographers, clerks and secretaries, and salaries or charges for special officers, investigators and other employees and an expense allowance for stationery forms, telephone, transportation, travel, postage, hotel and other expenses incurred in the discharge of their official duties.
The police juries of the various parishes of the state of Louisiana are hereby authorized to pay from their general fund any of the items of expense, as provided for herein, incurred by the several district attorneys of this state when acting in their official capacities. (emphasis added)
In Reed the Supreme Court addressed an apparent contradiction in the statute. The first paragraph of R.S. 16:6 appears to require funding by the parish, while the second paragraph appears to make funding discretionary by using the word "authorized." In resolving that contradiction the Supreme Court reviewed the language and legislative history of R.S. 16:6, as well as other provisions for funding district attorneys' offices. The Court concluded that police juries have a mandatory duty to fund expenses listed in R.S. 16:6, limited by a reasonableness standard. Reed is inapplicable to Orleans Parish.
The district attorney contends he should have been permitted to amend his petition before it was dismissed with prejudice. We disagree.
La.C.C.P. Art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Since the grounds for dismissing the petition for writ of mandamus may not be removed by amendment, the petition was properly dismissed.
The judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] Ordinance 12801 M.C.S. was approved by the Mayor on December 8, 1988. Ordinance 12935 M.C.S. was approved by the Mayor on December 27, 1988.