BARRY, Judge.
This appeal is from the denial of a writ of mandamus which seeks to force the Superintendent of Police to accept a citizen complaint.
Rondie Simmons wants Superintendent Woodfork to investigate his allegation that he was beaten by two guards at Orleans Parish Prison. Simmons relies on the Home Rule Charter of the City of New Orleans, Chap. 5, § 4-501 for his contention that taking and investigating a complaint is a ministerial function. Section 4-501 provides in pertinent part:
The Department of Police, headed by a Superintendent of Police, shall:
******
(7) Enforce the ordinances of the City and all laws, and prevent the violation thereof.
Supt. Woodfork answered the mandamus by urging that since his function is not ministerial, Simmons has no right of action and his petition fails to state a cause of action. The trial court agreed.
A writ of mandamus may direct a public officer to perform any of the duties set forth in La.C.C.P.Art. 3863. La.C.C.P.Art. 3861. La.C.C.P.Art. 3863 provides that a “writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law,...” (emphasis added). Pursuant to La.C.C.P. Art. 3862, a writ of mandamus may be issued when no relief is provided by ordinary means or when the delays of ordinary relief might cause injustice. “A writ of mandamus may not be used to compel discretionary duties.” Connick v. City of New Orleans, 543 So.2d 66 (La.App. 4th Cir.1989), writ denied 545 So.2d 1041 (La.1989).
The record is void of any testimony or evidence and only consists of the pleadings. There is no basis to support a writ of mandamus.
The judgment is affirmed.
AFFIRMED.