KLEES, Judge.
Third party plaintiffs appeal the ruling of the trial court sustaining the State of Louisiana’s peremptory exception of no cause of action. We reverse.
On June 4, 1985, the plaintiff, Milton L. Donnell, Jr., filed a petition against the Third Party Plaintiffs/Appellants alleging that the Appellants are responsible for having requested, issued and maintained an arrest warrant and for authorizing the New Orleans Police Department to serve that arrest warrant after it had been wrongfully issued.
The two basic issues presented on appeal are as follows: 1) whether the district attorney, the district attorney’s office, and the employees of the district attorney’s office are entitled to indemnity under La.R.S. 13:5108.2; and 2) whether that' right to indemnification was forfeited by failure to notify the Attorney General within five days of service as per La.R.S. 13:5108.2 C.
La.R.S. 13:5108.2 was amended by Act 923 of 1984. La. Const. Art. 3 § 19 provides that the effective date of a statute is sixty days after final adjournment of the legislative session during which it was enacted. The 1984 legislative session adjourned on July 5, 1984. The arrest complained of occurred on May 31, 1984, prior to the effective date of the act. However, the State of Louisiana argues that the amendment should be retroactive as a curative or interpretive statute under La.C.C. art. 6. The State bases its argument on the preface of Act 923 which provides that the purpose of that act was to “clarify” which officials, officers and employees of the State are included by La.R.S. 13:5108.2. The State argues that the amendment expressly excludes the district attorney and his employees.
Prior to the 1984 amendment of La.R.S. 13:5108.2, subsection A of that statute read as follows:
“A. As used in this Section, an official, officer, or employee of the state means such a person holding office or employment in one of the branches of state government or in a department, office, or agency of any such branch, and also means such a person holding office or employment in one of the deep-water ports, deep water port commissions, and deep-water port, harbor, and terminal districts. As used herein, an official, officer, or employee of the state does not include an official, officer, or employee of a municipality, ward, parish, special district, including a levee district, or school board, or any local authority other than a deep-water port, deep-water port commission, or deep-water port, harbor, or terminal district whose functions have not been transferred to a state department or office or agency thereof.”
In the case of Diaz v. Allstate Ins. Co., 433 So.2d 699 (La.1983), the Supreme Court held that the District Attorney and his employees were entitled to indemnification under the statute as persons “holding office or employment in one of the branches of state government.”
Assuming arguendo that the 1984 amendment excludes district attorneys and their employees from indemnification, that amendment would effect a change in substantive law since it would revoke the right to indemnification from persons employed in the district attorney’s office. Therefore, Act 923 of 1984 would be applied prospectively only. La.C.C. art. 6. Since the arrest complained of occurred prior to the effective date of Act 923, we find that Diaz is controlling in this case and that the district attorney and his employees are covered by La.R.S. 13:5108.2.
However, the indemnification statute does not apply to the St. Tammany Parish District Attorney’s Office as a de *280 partment. The statute only applies to “officials, officers and employees.” It does not apply to departments or agencies, but only to individuals.
The next argument advanced by the State is that the third party plaintiffs should be denied indemnification because they did not alert the attorney general’s office within five days of being served.[1] Subsection C of La.R.S. 13:5108.2 provided in part as follows prior to the 1984 act:
C. Within five days after an official, officer, or employee is served with any summons, complaint, process, notice, demand, or pleading, he shall deliver the original or a copy thereof to the attorney general, or, if he is employed by a department, office, or agency in any branch of state government, or a deep-water port, deep-water port commission, or deep-water port, harbor, or terminal district which is authorized to employ its own attorney, he shall deliver same to the attorney so engaged. Failure to make the required delivery under this Section to the attorney general or the duly engaged attorney shall preclude indemnification hereunder.
It seems well settled that District Attorney’s Office may hire private counsel to represent it. See Op.Atty.Gen. No. 79-49, Jan. 19, 1979.[2] Thus the Attorney General need not be notified in order to satisfy the indemnity statute. In this case the District Attorney’s Office is representing all third party plaintiffs and it would be unnecessary to compel them to deliver the petition to themselves. Therefore, the procedural requirements of La.R.S. 13:5108.2 C do not apply under these circumstances.
Consequently, under the facts of this case, we find that the exception of no cause of action should have been denied.
Accordingly, for the reasons stated, the judgment of the trial court is reversed.
REVERSED.

. The record does not indicate that any of the individual third party plaintiffs other than the St. Tammany District Attorney's Office have been served; however, they have appeared to urge motions. The first such appearance being on June 3, 1987; a declinatory exception of improper venue.

. For other cases in which a District Attorney hired private counsel to represent him in civil matters, see Johnson v. Foti, 537 So.2d 232 (La.App. 4th Cir.1988); Angelico v. Cannizzaro, 543 So.2d 1064 (La.App. 4th Cir.1989); Connick v. City of New Orleans, 543 So.2d 66 (La.App. 4th Cir.1989).