PER CURIAM.
The issue in this products liability case is whether the trial court erred in not allowing plaintiff, on the morning a summary judgment hearing was scheduled, to amend his petition to allege that Home Depot, Inc. (defendant), the retailer, knew or should, have known that the product it sold to plaintiff was defective and to add a new defendant, Artform Industries, Inc., the designer/manufacturer, to the suit. The trial *152 court orally granted the motion for summary judgment but had not signed a judgment to that effect when it refused to permit the amendment. The question is: was this an abuse of the trial court’s discretion? Several cases deal with this issue, but this recitation is not to be considered an exhaustive one.
In Friday v. Mutz, 483 So.2d 1269 (La.App. 4th Cir.1986), the plaintiff brought suit for damages sustained when her van, which was stopped at a traffic light, was rear-ended by Gerard Hellmers’ vehicle. Timothy Mutz was also named as a defendant because the vehicle was registered in his name. When the trial court learned that the vehicle was in Mutz’s name only because of Hellmers’ poor credit rating, it dismissed Mutz from the suit. Plaintiff made a motion during Hellmers’ testimony at trial to amend her petition to allege Mutz’s liability based on a theory of re-spondeat superior. The trial court denied plaintiff’s motion stating that adding a new theory at this time does not outweigh the “inevitable necessity of a continuance.... ” On appeal the court of appeal found no abuse of discretion.
Similarly, in Joseph A. Oster & Assoc., Inc. v. Car Wash Center and Owl, Inc., 330 So.2d 688 (La.App. 4th Cir.1976), the trial court’s refusal to allow amendments to the petition during the course of the trial was held not to be an abuse of discretion, since “[t]o allow the amendment at that time would have unduly delayed a trial already continued on three occasions.... ” 330 So.2d at 691.
White v. Cumis Ins. Society, 415 So.2d 574 (La.App. 3d Cir.1982), also involved a rear-end collision. Here, the plaintiff on the day of trial unsuccessfully sought to amend his petition in order to introduce evidence to prove that the accident was a cause of a heart attack he latter suffered. The court of appeal found no abuse of discretion in the trial court’s denial of the amendment. The court reasoned that adding a new element of damages the day of trial of which the defendant had no prior notice would have unfairly prejudiced defendant’s ability to defend the claim.
Finally, in Carter v. Safeco Ins. Co., 435 So.2d 1076, the plaintiff attempted to amend his petition to name the insured only after losing in a trial on the merits against the insurer. This court held the trial court did not commit an abuse of discretion in denying plaintiff’s request. Allowing plaintiff, two and one-half years after the accident and after a final judgment on the merits, to amend to name a new defendant, who could have easily been cited since the inception of the case, would substantially prejudice the defendant and not promote the search for truth.
The late Judge Albert Tate, in Amendment of Pleadings in Louisiana, 43 Tul.L. Rev. 211, 217, noted that LSA-C.C.P. art. 1151 imposes no limitation upon the discretion of the trial court to permit amendment of the pleadings; however, the trial court should always allow an amendment in the absence of serious prejudice to the opponent. Quoting the late Judge Robert Ellis of the First Circuit, Tate added that “prior to trial it must be an uncommon case to justify a denial of a motion to amend.... ” Tate further stated:
“amendment offered at later stages of the litigation are more likely to be prejudicial to the opponent to an extent which might justify their denial. Thus, while amendment is permissible the day before the trial when there is no real surprise, the trial court might deny an amendment offered then which necessitates a continuance, in view of the consequent delay to the opponent and the disruption of the orderly processing of the trial calendar. Amendment even after trial may be permitted where no hardship by way of substantial new trial may be occasioned. Usually, however, an application to amend after trial has been held properly denied when it raises a new issue or defense which the other party has not had the opportunity to prepare. Where such an amendment may necessitate a further trial and new testimony, the need for amendment may be held to be outweighed by the undue hardship caused the court and all parties concerned and *153 by the general policy against piecemeal litigation....”
Amendment of Pleadings in Louisiana, 43 Tul.l.Rev. at 220-221. (Citations and footnotes omitted.)
Lemelle v. City of Opelousas, 540 So.2d 1232 (La.App. 3d Cir.1989), is a case more factually aligned with this case. In Le-melle the plaintiff was involved in a collision with a truck owned by the City of Opelousas and driven at the time of the accident by a city employee. The plaintiff brought suit against the City and its insurer but did not name the employee. The defendants moved for a judgment on the pleadings based on the fact that plaintiff failed to include in his petition that the employee was acting in the course and scope of his employment at the time of the accident. The trial court denied plaintiff an opportunity to amend and dismissed his case. The court of appeal reversed, stating that the rule of leniency in amending pleadings has long been favored, especially where it is obvious the petitioner has a cause of action but has merely failed to allege sufficient well-pleaded facts to bring the petition within the rules of proper pleading. Moreover, the court stated that what the defendants are really challenging is the sufficiency of the plaintiffs petition, not the substantive merits of the controversy, and that Louisiana courts historically look through the caption, style, and form of pleadings to determine from the substance of the pleadings the true nature of the proceeding.
When we compare the present case to Lemelle, we cannot help but notice two important similarities. Plaintiffs petition informed both sets of defendants of the thrust and nature of the claim against them. Neither set of defendants were unfairly surprised or prejudiced. And the summary motions made by both sets of defendants early in the proceedings attempt to defeat plaintiffs claim based on lack of a well-pleaded complaint instead of attacking the claim on its merits.
Considering all of the jurisprudence, we find that the trial court abused its discretion in refusing to permit plaintiff to amend his petition. We reverse the grant of summary judgment and remand for further proceedings consistent with the opinion. Costs of this appeal are taxed to Home Depot, Inc.
REVERSED AND REMANDED.