| WILLIAMS, Judge.
The plaintiffs, Dianne and Mike Gibbens, appeal the trial court’s grant of defendants’ motion for judgment on the pleadings, which dismissed, with prejudice, plaintiffs’ suit for damages against the defendants, Wendy’s Foods, Inc., and its insurer, State Farm Insurance Company. For the following reasons, we reverse and remand.
FACTS
On November 15, 1997, the plaintiffs, Dianne and Mike Gibbens, arrived at Wendy’s fast food restaurant located at 1013 North 18th Street in Monroe, Louisiana. After ordering their meals, which included two bowls of chili, they sat down in the restaurant to eat. As Mike began to eat his chili, he quickly spat it out and warned Dianne that the chili was extremely hot. Shortly thereafter, Dianne took a spoonful of her chili, blew on it several times and ate it.
According to the plaintiffs, Dianne’s chili was so hot that it caused immense pain that continued down her throat as she swallowed the chili. The plaintiffs allege that the surprising heat and the intense pain caused Dianne to panic, which prevented her from expelling the chili from her mouth. Dianne then waited until the chili was cool enough to eat before she finished eating.
The plaintiffs further allege that over the next three to four days, a blister formed on the roof of Dianne’s mouth. As a result, she consulted her dentist, Dr. Palmer Jarrell, who prescribed antibiotics and pain medicine. After a second visit to Dr. Jarrell, he referred her to Dr. Tindall, an oral surgeon, who treated her for the burn and an infection of the blistered area of her mouth.
*631 The plaintiffs filed this suit contending that Wendy’s was negligent in: (1) failing to maintain the chili at a reasonable and safe temperature to serve the public; (2) failing to properly monitor the temperature of the chili to assure it was at a reasonable and safe level for serving to the public; (3) failing to warn them of |2the extreme heat of the chili; (4) serving them chili that was dangerously hot; and (5) for such other acts of negligence as may be proven at the trial. Mike Gibbens sought damages against the defendants for his loss of consortium.
In their answer, the defendants admitted that plaintiffs went to the Wendy’s location mentioned in the petition, that Mike Gibbens took a bite of chili and warned Dianne Gib-bens that the chili was hot, and that State Farm issued an insurance policy to Wendy’s. The defendants further asserted that the chili is traditionally served hot, customers expect it to be hot and that no warning, other than the steam rising from the food, is necessary. Because she ate the chili after her husband warned her that it was hot, the defendants pleaded Dianne’s comparative negligence.
The defendants also filed a motion for judgment on the pleadings pursuant to LSA-C.C.P. art. 965. Applying the comparative fault theory to the case, the trial court concluded that Dianne was 100 % at fault. Based on supporting and opposing memoran-da and oral arguments, the trial court granted judgment on the pleadings and dismissed the action with prejudice. The plaintiffs appeal.
DISCUSSION
The plaintiffs argue that the trial court erred in granting the defendants’ motion for judgment on the pleadings.
LSA-C.C.P. art. 965 provides:
Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in the mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true.
A motion for judgment on the pleadings presents solely a question of law. Dragon v. American Bank & Trust Co., 205 So.2d 473 (La.App. 3d Cir.1967); Lemelle v. City of Opelousas, 540 So.2d 1232 (La.App. 3d Cir.1989). The motion should be granted only when facts are so clear and unquestioned that a trial on the merits is unwarranted. Both the trial and appellate court are limited to a review of the pleadings, and must assume that all allegations of fact contained in the pleadings filed by the party against whom the motion for judgment on the pleadings is filed are true and all allegations made by mover are denied. Noel v. Pelican Well Logging Service, Inc., 93-1277 (La.App. 3d Cir.5/4/94), 640 So.2d 529.
As provided in C.C.P. art. 965, all allegations of fact in the defendants’ answer which are not denied by the plaintiff or by effect of law, and all allegations of fact in the adverse plaintiffs’ pleadings shall be considered true. However, regarding the pleadings allowed in civil actions, LSA-C.C.P. art. 852 directs that no replieatory pleadings shall be used and all new matters alleged in exceptions, contradictory motions and answers, whether in a principal or incidental action, shall be considered denied. Therefore, since plaintiffs are not required to answer the motion for judgment on the pleadings, defendants’ assertions are denied by operation of law. Plaintiffs are correct in their argument that all allegations of their petition are accepted as true when considering the motion for judgment on the pleadings. Noel v. Pelican Well Logging Service, Inc., supra; Dragon v. American Bank and Trust Company, supra.
In this case, the factual allegations of the adverse parties, the plaintiffs, are to be considered true by the trial court and by this court. Notwithstanding the fact that all parties acknowledge that Dianne was warned that the chili was hot before she ate it, the plaintiffs have made a variety of allegations regarding Wendy’s failure to properly monitor their product to insure their patrons’ safety. It is well settled that consideration *632 of a motion for judgment on the pleadings must be based Lupon the pleadings alone and that supporting evidence is not to be considered. Noel v. Pelican Well Logging Service, Inc., supra; Thomas v. Allstate Ins. Co., 367 So.2d 1300 (La.App. 4th Cir.1979). Therefore, the trial court erred in considering memoranda and oral arguments to determine that Dianne was 100% at fault, and in granting the defendants’ motion for judgment on the pleadings. The events leading to Dianne’s alleged injury are not so clear as to be unmistakable and to support imposition of judgment on the pleadings.
CONCLUSION
The judgment appealed is reversed and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the defendants, Wendy’s Foods, Inc. and State Farm Insurance Company.
REVERSED AND REMANDED.