Dear Mr. Lovell:
Your request for an Attorney General's Opinion on behalf of the Terrebonne Parish School Board has been assigned to me for research and reply. You seek an opinion on the following matters:
 1. Who has the authority to withdraw the petition for reduction of the Terrebonne Parish School Board and to establish the School Board districts the same as the councilmanic districts that was submitted to the Terrebonne Parish School Board by letter dated April 27, 2000 from the Houma-Terrebonne Chamber of Commerce and the Terrebonne Parish Branch, NAACP pursuant to the authority and the procedure set forth in the recently amended R.S. 17:71.5?
 2. When can the petition for reduction of the Terrebonne Parish School Board be withdrawn and terminated?
 3. If the reduction issue that is presently placed on the ballot on November 7, 2000 passes and the petition for reduction of the School Board and to establish the School Board districts the same as the councilmanic districts is not withdrawn and is placed on a ballot in 2001 and also passes, which election would prevail?
The school board's proposed ordinance to reduce its membership passed by majority vote at the November 7, 2000 election. The initiative petition proposed by the Chamber of Commerce and the NAACP was set for public hearing on November 14, 2000, where the chamber and the NAACP submitted a letter withdrawing the initiative petition. Thus, the issue herein is whether any action by the school board is necessary in this matter.
It is our opinion that this matter is moot due to the majority vote approval on November 7, 2000 of the school board's proposed ordinance to reduce its membership. The only possible action that could be taken at this point is a mandamus action to require the school board to place the initiative petition on the election ballot in 2001. However, the right of any interested party to sue the school board in a mandamus action ceased, in our opinion, when the voters adopted the school board's proposed ordinance to reduce its membership on November 7, 2000. Furthermore, we are of the opinion that nothing could be accomplished by holding a referendum election for the approval or disapproval of that which has already been approved by the voters on November 7, 2000. If the voters wanted to pursue the initiative petition, they should have rejected the school board's proposed ordinance at the November 7, 2000 election, because for the most part, the purpose of the initiative petition was attained when the majority of the voters voted in favor of the school board's proposal on November 7, 2000. Under these circumstances, it is our opinion that no useful purpose will now be served by requiring [by way of mandamus action] the school board to set the initiative petition for an election in 2001. Courts will not require a useless act. See, for example, Connick v. City of New Orleans,543 So.2d 66 (La.App. 4 Cir. 1989), and State ex. Re. Hutton v. City ofBaton Rouge, 47 So.2d 665 (La. 1950).
Trusting this opinion addresses your concerns herein, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb