# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

KENNETH J. DAIGLE,
INDIVIDUALLY AND IN HIS
CAPACITY AS THE
REPRESENTATIVE OF THE
SUCCESSION OF JUNE P.
LAFRANCE AND THE SUCCESSION
OF GEORGE L. DAIGLE III

VERSUS

KAREN MEYERS

NO.  2021 CW 0787
(PAGE 1 OF 2)

OCTOBER 1, 2021

---

In Re:    Kenneth J. Daigle, individually and in his capacity as
          the representative of the succession of June P.
          LaFrance and the succession of George L. Daigle III,
          applying for supervisory writs, 22nd Judicial District
          Court, Parish of St. Tammany, No. 2020-12765.

---

BEFORE:    McCLENDON, WELCH, AND THERIOT, JJ.

WRIT DENIED.

PMc
MRT

Welch, J., concurs in part and dissents in part. In her
Answer to plaintiff's Petition for Damages and Declaratory and
Injunctive Relief, defendant, Karen Meyers, specifically
admitted that plaintiff is "entitled to the Funds/accounts
herein described[,]" is entitled to a judgment "declaring [him
to be the] owner of the Funds and requiring [Meyers] to return
the Funds to Plaintiff, as well as fruits, products, or other
relief to which [he] is entitled[,]" and that she has "withheld
possession of the Funds or has otherwise disposed of the Funds
to which Plaintiff is entitled with no right or basis of doing
so." See La. Code Civ. P. art. 1004.

Conversion can be committed when possession is withheld
from the owner or possessor, with its intent simply being to
exercise a dominion or control over the goods which is in fact
inconsistent with the plaintiff's rights. **Commercial Flooring
and Mini Blinds, Inc. v. Edenfield**, 2013-0523 (La. App. 1st Cir.
2/14/14), 138 So.3d 30, 38-39 & **Louisiana State Bar Ass'n v.
Hinrichs**, 486 So.2d 116, 121 (La. 1986). Moreover, Meyers'
Answer did not provide any affirmative defense or justification
for her possession of the subject funds in question. Therefore,
based on the admissions contained in Meyers' Answer, I find that
plaintiff's legal right to the subject funds is clearly
established, and would grant his Motion for Judgment on the
Pleadings, recognizing and maintaining his right to the subject
funds, consisting of $89,000.00, and order defendant, Karen
Meyers, to restore possession of the funds to plaintiff. See
**Gibbens v. Wendy's Foods, Inc.**, 31,487 (La. App. 2d Cir.
1/20/99), 729 So.2d 629, 631 & **Louisiana Machinery Rentals,
L.L.C. v. Kean Miller, L.L.P.**, 2017-1768 (La. App. 1st CIr.
2/20/19), 2019 WL 759935 (unpublished), writ denied, 2019-0464
(La. 6/17/19), 274 So.3d 1260. However, I would deny the writ in

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

all other respects, as the amounts of any fruits, products, or other damages sought by plaintiff, were not sufficiently set forth in his petition to allow for a Motion for Judgment on the Pleadings.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT