*P Mc by /s/*

*JEW by /s/*

*Wel, III by /s/*

*/s/*

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## 2019 CA 1561

### RONALD BODENHEIMER

### VERSUS

### THE STATE OF LOUISIANA, THE HONORABLE JEFF LANDRY, IN HIS CAPACITY AS THE LOUISIANA ATTORNEY GENERAL, THE HONORABLE LEON CANNIZARO, IN HIS CAPACITY AS THE ORLEANS PARISH DISTRICT ATTORNEY, AND THE CITY OF NEW ORLEANS

Judgment Rendered: **OCT 2 1 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 670054, Sec. 27

The Honorable Trudy M. White, Judge Presiding

* * * * *

| | |
|---|---|
| John Venezia<br>Julie O'Shesky<br>New Orleans, Louisiana | Attorneys for Plaintiff/Appellant<br>Ronald Bodenheimer |
| David C. Fleshman<br>Jacqueline B. Wilson<br>Ross A. Dooley<br>James G. Evans<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellee<br>Jeff Landry in his capacity as<br>Louisiana Attorney General |

* * * * *

BEFORE: GUIDRY, McCLENDON, WELCH, HOLDRIDGE, AND LANIER, JJ.

*Holdridge J. dissents for reasons assigned.*

**McCLENDON, J.**

The plaintiff appeals a judgment granting a motion for judgment on the pleadings in favor of the defendants. For the reasons that follow, we affirm.

## BACKGROUND

In 1983, Ronald Bodenheimer was an assistant district attorney (ADA) in Orleans Parish and prosecuted Reginald Adams for murder. In 2015, Mr. Adams sued Mr. Bodenheimer in federal court, contending that Mr. Bodenheimer and others committed wrongdoings while prosecuting him. Mr. Bodenheimer sought representation and indemnification for attorney fees from the Attorney General to defend the lawsuit; however, his claim was denied.

On June 8, 2018, Mr. Bodenheimer filed this lawsuit against the State of Louisiana and Jeff Landry in his capacity as the Louisiana Attorney General, (sometimes collectively "the State"), Leon Cannizzaro in his capacity as the Orleans Parish District Attorney, and the City of New Orleans. In the petition, Mr. Bodenheimer sought to recover attorney fees from the State incurred in connection with Mr. Adams's federal lawsuit. With respect to the State, Mr. Bodenheimer made the following allegations: From 1979 to 1984, Mr. Bodenheimer was an ADA for the Orleans Parish District Attorney's Office and prosecuted Reginald Adams for burglary on or about July 12, 1982, and for the murder of Cathy Ulfers at Mr. Adams's first trial on or about August 9, 1983. Thereafter, Mr. Bodenheimer worked as a prosecutor in the Jefferson Parish District Attorney's Office, where he remained until 1997.

Mr. Bodenheimer also alleged that on May 11, 2015, Mr. Adams filed a complaint in the U.S. District Court for the Eastern District of Louisiana alleging numerous violations of his constitutional rights by Mr. Bodenheimer while Mr. Bodenheimer was employed by, and acting in the course and scope of employment with, the Orleans Parish District Attorney's Office. Mr. Adams claimed that Mr. Bodenheimer participated in the New Orleans Police Department's investigation of Mr. Adams. Mr. Bodenheimer then alleged that in response to a motion to dismiss in the federal litigation, Mr. Adams was ordered to file an amended complaint, which Mr. Adams did on November 12, 2015, again alleging numerous violations of his constitutional rights by Mr. Bodenheimer, while Mr.

2

Bodenheimer was employed by, and acting in the course and scope of his employment with, the Orleans Parish District Attorney's Office. Mr. Bodenheimer then asserted that, on or about August 15, 2016, he filed an answer denying all allegations of wrongdoing alleged by Mr. Adams and added that he committed no intentionally wrongful acts or acts of gross negligence against Mr. Adams at any time.

Mr. Bodenheimer further alleged that he made a written request for representation in the Adams's litigation to then Louisiana Attorney General James "Buddy" Caldwell; however, on June 1, 2015, and again on June 10, 2015, the Attorney General denied and/or rejected Mr. Bodenheimer's request in writing. Thereafter, on or around May 11, 2016, Attorney General Jeff Landry was requested to provide indemnification; however, no response was received. Mr. Bodenheimer alleged that despite amicable demand, the State failed to acknowledge its legal obligations to him as an Orleans Parish ADA.

Mr. Bodenheimer also alleged that on or about June 13, 2017, Mr. Adams entered into a consent judgment in the federal lawsuit that would dismiss his claims against Mr. Bodenheimer with prejudice. Mr. Bodenheimer alleged that he did not pay Mr. Adams any amount demanded in the complaint and did not concede that any allegations of wrongdoing were valid. Mr. Bodenheimer asserted that he incurred attorney fees in the amount of $70,000.00 in defense of Mr. Adams's lawsuit.

The petition additionally contains allegations pertaining to the legal basis upon which Mr. Bodenheimer's indemnification claim against the State is based. These allegations are as follows:

8. During the time of Mr. [Adams's] allegations against Mr. Bodenheimer, La. R.S. 13:5108.2(B) was in full force and effect, and provided:

It is hereby declared to be the public policy of this state that the state shall hold harmless and indemnify each official, officer, and employee of the state from any financial loss for which, for purposes of this Section, shall mean and include court costs, judicial interest and monetary damages, arising out of any claim, demand, suit or judgment in any court by reason of alleged negligence or other act by the official, officer or employees, if the official, officer, or employees, at the time damages were sustained, was acting in the discharge of his duties and within the scope of his office or employment and such damages did not result from the intentional wrongful act or gross negligence of the official, officer or employee.

9. The Louisiana Supreme Court in *Diaz v. Allstate*, (La. 6/3/83), 433 So.2d 699 determined that district attorney employees are [employees]

3

of the state for the purposes of then La. R.S. 13:5108.2 and have permitted district attorneys to file claims for indemnity against the state.

10. The Louisiana Fourth Circuit Court of Appeal held in *Donnell v. New Orleans*, 89-CA-0792 (La. App. 4 Cir. 1/16/90) 557 So.2d 278; 1990 La. App. LEXIS 25, that assuming arguendo that Act 923 of 1984 which amended La. R.S. 13:5108.2 excludes district attorneys and their employees from indemnification, that amendment would effect a change in substantive law since it would revoke the right to indemnification from persons employed in the district attorney's office and would be applied prospectively only in accordance with La. Civ. Code Art. 6.

11. Since the alleged acts of Ronald Bodenheimer occurred prior to the effective date of the amendment to La. R.S. 13:5108.2, *Diaz* controls and Ronald Bodenheimer is entitled to indemnity by the State of Louisiana.

The State filed an answer to Mr. Bodenheimer's petition, as well as a motion for judgment on the pleadings. In its motion for judgment on the pleadings, the State asserted that Mr. Bodenheimer did not have a right under Louisiana law to seek indemnity for attorney fees incurred in connection with the federal lawsuit. The State relied on LSA-R.S. 13:5108.1C, which provides that the State shall be obligated to indemnify a "covered individual" for attorney fees if the attorney general determined not to assume the defense of the covered individual and a court later finds that the covered individual was engaged in the performance of duties of his office or employment and was free of criminal conduct. The State submitted that it was obliged to indemnify Mr. Bodenheimer only if Mr. Bodenheimer was a "covered individual" and all of the requirements of LSA-R.S. 13:5108.1C were met, namely, that: (1) the attorney general declined to defend Mr. Bodenheimer; (2) a court found Mr. Bodenheimer was engaged in the performance of duties of his office or employment; and (3) a court found Mr. Bodenheimer to be free from criminal conduct.

The State submitted that Mr. Bodenheimer could not demonstrate that he is a covered person entitled to indemnification from the State because under Louisiana law, ADAs are not, and have never been, covered individuals entitled to indemnification from the State. The State also pointed to LSA-R.S. 13:5108.1E, which excludes district attorneys and their employees from the term "covered individual" contained in the indemnification statute.

4

In its second attack on the pleadings, the State argued that even if Mr. Bodenheimer was a "covered individual" for the purpose of LSA-R.S. 13:5108.1C, two of the statutory requirements necessary to trigger the State's indemnification obligation under that provision could not be met in this case. The State maintained that because a consent agreement had been entered into in the federal litigation, no court had made a determination that Mr. Bodenheimer was either "engaged in the performance of duties of his office or employment" or that he was "free from criminal conduct," and therefore, neither the second nor third element of LSA-R.S. 13:5108.1C were met. The State also pointed to the requirement in LSA-R.S. 13:5108.1C(3) that to be entitled to indemnification, the demand must contain a certified copy of a final judgment reflecting exoneration of the employee and an itemized accounting of the attorney fees and costs due, and Mr. Bodenheimer failed to allege that he met those statutory requirements.

The State insisted that the question for the court was not whether Mr. Bodenheimer was acting in the scope of his employment or whether Mr. Bodenheimer's damages resulted from his intentional wrongful or gross negligence. Instead, the State posited that the only question before the court was whether a local ADA can be reimbursed by the State for fees he incurred in connection with his acts as an ADA when the statutory requirements for indemnification have not been met. According to the State, it is well settled that Mr. Bodenheimer is not entitled to the relief he seeks, and therefore, the motion for judgment on the pleadings should be granted.

In a memorandum opposing the motion, Mr. Bodenheimer urged that the motion should be denied because LSA-R.S. 13:5108.2, as it existed at the time Mr. Bodenheimer prosecuted Mr. Adams in 1983, and the jurisprudence interpreting that provision, particularly the Louisiana's Supreme Court's 1983 decision in **Diaz v. Allstate Insurance Company,** 433 So.2d 699 (La. 1983), unambiguously required the State to reimburse him for attorney fees incurred in defending Mr. Adams's lawsuit. Mr. Bodenheimer argued that the State's motion relied on language excluding district attorneys from the purview of the indemnification provision that did not exist at the time he prosecuted Mr. Adams. Mr. Bodenheimer maintained that accepting his allegations as true and applying the law in effect at the relevant time, he is entitled to the relief sought

5

in the petition, and because the State did not have a clear legal right to dismissal of the lawsuit, the court should not grant the motion for judgment on the pleadings. Mr. Bodenheimer attached numerous acts of the Louisiana Legislature to his memorandum opposing the motion.

In reply, the State submitted that regardless of which version of the indemnification statute applies to Mr. Bodenheimer's indemnification claim, Mr. Bodenheimer has not satisfied the statutory requirements to obtain indemnification from the State. The State further insisted that Mr. Bodenheimer misread the statutory language and asked the court to disregard the 1983 **Diaz** opinion, as only two justices agreed that a district attorney was an employee of the state for the purpose of the statutory indemnification provision, and because one year following the decision, the Louisiana Legislature amended the indemnification provision to exclude district attorneys from its scope, thereby overruling the Supreme Court's decision in **Diaz.**

Following a hearing on the motion, the trial court granted the State's motion for judgment on the pleadings, dismissing all claims asserted by Mr. Bodenheimer against the State of Louisiana and the Attorney General.[1] This appeal, taken by Mr. Bodenheimer, challenges the correctness of the dismissal of his claim for indemnification on a motion for judgment on the pleadings.

## MOTION FOR JUDGMENT ON THE PLEADINGS

Louisiana Code of Civil Procedure article 965 permits any party to move for a judgment on the pleadings. It provides:

> Any party may move for judgment on the pleadings after an answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as to not delay the trial. For the purposes of this motion, all allegations of fact in the mover's pleadings not denied by the adverse party have the effect of law, and all allegations of fact in the adverse party's pleadings shall be considered as true.

---

[1] Specifically, the trial court found that the undisputed facts established by the parties' pleadings showed that Mr. Bodenheimer was not entitled to indemnification for his attorney fees under the current version of the indemnification statute, LSA-R.S. 13:5108.1, because LSA-R.S. 13:5108.1E expressly excludes district attorneys from the definition of "covered individuals," and because the statutory requirements necessary for indemnification of attorney fees had not been met. The trial court further found that the undisputed facts established by the parties' pleadings showed that Mr. Bodenheimer was not entitled to indemnification of attorney fees under the former version of the indemnification statute, LSA-R.S. 13:5108.2, because district attorneys are not, and have never been, entitled to indemnification from the State, and because the statutory requirements necessary for indemnification of attorney fees had not been met.

A motion for judgment on the pleadings tests the sufficiency of a party's allegations. It presents solely a question of law, which is reviewed *de novo* without deference to the legal conclusions of the trial court. **Louisiana Machinery Rentals, L.L.C. v. Kean Miller, L.L.P.**, 17-1768 (La.App. 1 Cir. 2/20/19), 2019 WL 759935 at *4; writ denied, 19-0464 (La. 6/17/19) 274 So.3d 1260; **Gadrel, L.L.C. v. Williams**, 17-537 (La.App. 5 Cir. 3/14/18), 241 So.3d 508, 512-13; **Stonebridge Development, LLC v. Stonebridge Enterprises, LLC**, 42,039 (La.App. 2 Cir. 4/4/07), 954 So.2d 893, 895, writ denied, 07-0963 (La. 6/22/07), 959 So.2d 508. The motion for judgment on the pleadings is tried solely on the face of the pleadings, and a court may not consider affidavits or other evidence in passing on the motion.[2] **Louisiana Machinery Rentals**, 2019 WL 759935 at *4; **Gadrel**, 241 So.3d at 512.

For the purpose of the motion, all allegations of fact contained in the opponent's pleadings, as well as all allegations in the mover's pleadings and not denied by the opponent are considered true. LSA-C.C.P. art. 965; **Gibbens v. Wendy's Foods, Inc.**, 31,487, p. 2 (La. App. 2d Cir. 1/20/99), 729 So.2d 629, 631; 1 Frank L. Maraist, Louisiana Civil Law Treatise, Civil Procedure, § 6.8, p. 188 (2d ed. 2008). However, when a motion for judgment on the pleadings is filed by the defendant, all of the allegations in the defendant's answer are considered to be denied. **Gibbens**, 729 So.2d at 631. Since the defendant is the mover in this case, all of the allegations of Mr. Bodenheimer's petition are considered true, and the allegations in the State's answer are considered denied. See **A & B Bolt & Supply, Inc. v. Dawes**, 04-699 (La.App. 3d Cir. 11/10/04), 888 So.2d 1023, 1026, writ denied, 05-0265 (La. 4/1/05), 897 So.2d 609; **Gibbens**, 729 So.2d at 631. Moreover, because our courts favor giving a party his day in court, a judgment on the pleadings is granted only when the legal right is clearly established and the facts are so clear and unquestioned that a trial on the merits is unwarranted. **Louisiana Machinery Rentals**, 2019 WL 759935 at *6; **Gadrel**, 241 So.3d at 513.

---

[2] Although a motion for judgment on the pleadings can be raised by any party, it is primarily a device by which the plaintiff tests the sufficiency of the allegations of the defendant's answer, including any affirmative defenses. **Gadrel**, 241 So.3d at 512-13; 1 Frank L. Maraist, Louisiana Civil Law Treatise, Civil Procedure, § 6.8, p. 188 (2d ed. 2008).

The prior version of the attorney fee indemnification provision, LSA-R.S. 13:5108.2, which is relied on by Mr. Bodenheimer, as well as the present version of LSA-R.S. 13:5108.1C(1) impose specific procedural requirements for the recovery of attorney fees from the State in the event the attorney general fails to assume the employee's defense. Louisiana Revised Statutes 13:5108.2C(3) provided:

> [T]the State shall not be obligated to indemnify said officer or employee for attorney fees incurred, unless the attorney general ... had determined not to assume the defense of said officer or employee based on his investigation, and the court subsequently finds that the officer or employee was acting in the discharge of his duties and within the scope of his employment and the damages did not result from the intentional wrongful act or gross negligence of said officer or employee.

The present version of LSA-R.S. 13:5108.1C provides, in pertinent part:

> (1) The state shall additionally be obligated to indemnify a covered individual for the attorney fees and all costs so incurred if the attorney general had determined not to assume the defense of a covered individual in accordance with Subsection B of this Section, and a court later finds that the covered individual was engaged in the performance of duties of his office or employment and was free of criminal conduct.
>
> * * *
>
> (3) To be entitled to payment, any such demand must contain therein a certified copy of the final judgment reflecting the exoneration of the employee or officer and an itemized accounting of the attorney fees and costs due.

Both versions provide for a factual finding, as a prerequisite for the recovery of attorney fees, that the governmental employee was acting in the performance of his employment duties and was free of wrongful conduct. Although Mr. Bodenheimer argues that the prior version of the statute allows the court hearing the indemnification claim to make the required finding, we disagree. It is clear that under either version of the statute, the legislature intended that the court's finding of exoneration be made prior to the officer or employee seeking indemnification.

In this matter, it is undisputed that a consent agreement was entered into in the underlying federal litigation. As such, at the time this lawsuit was filed, no allegation was made in the plaintiff's petition that a court had determined Mr. Bodenheimer was acting in the discharge of his duties and within the scope of his employment, was engaged in the performance of the duties of his employment, and was free of criminal conduct in defending that lawsuit. Therefore, regardless of which version of the statute is applicable

8

to the determination of whether Mr. Bodenheimer is a covered person entitled to indemnification for attorney fees incurred in the defense of the federal lawsuit, he could not and did not allege in his petition that a court has determined he was acting in the scope of his employment and that he was free from misconduct.[3] Therefore, accepting all of the allegations in Mr. Bodenheimer's petition as true, and applying either version of the indemnification statute, Mr. Bodenheimer's petition failed to allege a statutory prerequisite for indemnification. Accordingly, the State carried its burden of proving that Mr. Bodenheimer failed to allege sufficient facts to prove that he is entitled to the relief he seeks.

Further, to the extent that Mr. Bodenheimer suggests that he should be allowed the opportunity to amend his petition, this is not a case where the effect of an amendment can cure a technical defect in the pleadings.[4] The State is not questioning the sufficiency of the petition, but rather the inability of Mr. Bodenheimer to plead the facts necessary for the recovery of attorney fees. Here, all of the facts have been alleged and are not disputed, leaving for decision only a question of law, and the case can be decided by the summary method of judgment on the pleadings. Because Mr. Bodenheimer cannot cure by amendment the insufficiency of the petition under either version of the indemnification statute, any attempt to amend the petition would be a vain and useless act. Accordingly, we find that the trial court correctly granted the State's motion for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, the trial court judgment in favor of the defendants, the State of Louisiana and Jeff Landry in his capacity as the Louisiana Attorney General, against Mr. Bodenheimer is affirmed. Costs of this appeal are assessed to the plaintiff, Ronald Bodenheimer.

**AFFIRMED.**

---

[3] Nor has Mr. Bodenheimer alleged that he provided a certified copy of a final judgment reflecting his exoneration and an itemized accounting of the attorney fees and costs due.

[4] With regard to the procedural right to amend in order to cure the insufficiency of the petition, in connection with a judgment on the pleadings, see **Lemelle v. City of Opelousas**, 540 So.2d 1232 (La.App. 3d Cir. 1989) 540 So.2d 1232, 1235. See also **Daw v. Home Depot, Inc.**, 578 So.2d 151, 152-53 (La.App. 1 Cir. 1991).

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 1561

RONALD BODENHEIMER

VERSUS

THE STATE OF LOUISIANA, THE HONORABLE JEFF LANDRY, IN HIS
CAPACITY AS THE LOUISIANA ATTORNEY GENERAL, THE
HONORABLE LEON CANNIZARO, IN HIS CAPACITY AS THE ORLEANS
PARISH DISTRICT ATTORNEY, AND THE CITY OF NEW ORLEANS

Judgment rendered_____

* * * * *

Holdridge, J. Dissenting

I respectfully dissent. I find that the State failed to demonstrate that the law clearly and unquestionably denies Mr. Bodenheimer the relief he seeks on the face of the pleadings.

For the purpose of the motion for judgment on the pleadings, all allegations contained in the opponent's pleadings, as well as all allegations in the mover's pleadings and not denied by the opponent, are considered true. La. C.C.P. art. 965; 1 Frank L. Maraist, Louisiana Civil Law Treatise, Civil Procedure Civil Procedure, § 6.8, p. 168 (2d Ed. 2008). Thus, all of the allegations of Mr. Bodenheimer's petition are considered as true and all of the allegations in the State's answer, which have been denied by Mr. Bodenheimer, are considered as denied. **A&B Bolt & Supply Inc. v. Dawes**, 2004-699, p. 4 (La. App. 3d Cir. 11/10/04), 888 So.2d 1023, 1025, writ denied, 2005-0265 (La. 4/1/05), 897 So.2d 609; **Gibbens v. Wendy's Foods, Inc.**, 31,487, p.2 (La. App. 2d Cir. 1/20/99), 729 So.2d 629, 631.

Although a motion for judgment on the pleadings may be raised by any party, it is primarily a device by which the plaintiff tests the sufficiency of the allegations of the defendant's answer, including any affirmative defenses. **Gadrel,**

**L.L.C. v. Williams**, 17-537, 241 So.3d 508, 512-13. It is of limited utility because the defendant can ordinarily defeat the motion by denying the allegations of the plaintiff's petition, and the defendant can test the allegation of the plaintiff's petition by filing an exception of no cause of action. Maraist, at 189. Because our courts favor giving a party his day in court, a judgment on the pleadings is granted only when the legal right is clearly established and the facts are so clear and unquestioned that a trial on the merits is unwarranted. **Louisiana Machinery Rentals v. Kean Miller, L.L. P.**, 2017-1768, p. 8 (La. App. 1st Cir. 2/20/19), 2019 WL 759935 at *13. The presence of a conflict in the pleadings precludes the granting of a motion for judgment on the pleadings. **Gadrel**, 241 So.3d 1t 513.

It is evident from a *de novo* review of the pleadings that there are a myriad of substantive legal issues which must be resolved by a court in determining the merits of Mr. Bodenheimer's indemnification claim, including: (1) whether the current version of La. R.S. 13:5108.1, which expressly excluded district attorneys as covered individuals thereunder, governs this case; (2) if the current version applies, did Mr. Bodenheimer have an indemnity right that vested in 1983, when the actions for which he was later sued in federal court took place, thus prohibiting the prospective application of the amendment to the indemnity statute; (3) whether the version of La. R.S 13:5108.2 in existence in 1983 governs this case; (4) whether the Supreme Court's 1983 decision in **Diaz** is controlling in this case; and (5) whether Mr. Bodenheimer can meet the statutory prerequisites to obtain indemnification by demonstrating to the court in the indemnification lawsuit that he was acting in the course and scope of his employment and was free from wrongdoing in prosecuting Mr. Adams.

The majority answers the latter question in the negative, holding that the indemnification statute mandates that a person seeking indemnification

2

demonstrate that a judgment has been entered in the wrongdoing proceeding on the merits vindicating that person **before** indemnification can be sought. Essentially, the majority concludes that the absence of a final determination on the merits by the court hearing the wrongdoing lawsuit extinguishes any indemnification claim an employee may have against the State at the time the wrongdoing lawsuit was initiated. In my view, the language of the statute is subject to several different interpretations as to whether the Legislature intended this result. This uncertainty as to the proper interpretation of the statute precludes the granting of a motion for judgment on the pleadings, where all uncertain issues are resolved in favor of the opposing party.

The version of La. R.S. 13:5108.2B upon which Mr. Bodenheimer asserts his indemnification claim declares that it is the public policy of this State that the State shall indemnify officials, officers, and employees of the State from "any financial loss" arising out of "any claim, demand, suit, or judgment in any court" as a result of the alleged negligence or other act by such persons. Such losses include court costs, judicial interest, and monetary damages. The right to indemnification arises if, at the time the damages were sustained, the person "acting in the discharge of his duties and within the scope of his office or employment" and such damages did not result from the person's intentional wrongful act or gross negligence. La. R.S. 13:5108.2B. Mr. Bodenheimer alleged in the instant lawsuit that he committed no intentional wrongful acts or gross negligence against Mr. Adams at any time. The State admitted most of the factual allegations regarding Mr. Bodenheimer's work as an ADA for Orleans Parish, his prosecution of Mr. Adams, and the filing of the federal lawsuit against Mr. Bodenheimer. Further, Mr. Bodenheimer alleged that in entering into the consent

3

judgment to dismiss the claims of wrongdoing in the federal lawsuit, he never conceded that any of the allegations of wrongdoing were valid.

The language of La. R.S. 13:5108.2B extends the State's indemnification not only to those losses arising out of a court judgment, but also to those resulting from any claims, demands, or suits. Moreover, the version of the statute relied on by Mr. Bodenheimer makes it clear that that the State is not liable for attorney's fees incurred in defending those claims unless "the court **subsequently finds** that the officer or employee was acting in the discharge of his duties and within the scope of his employment and the damages did not result from the intentional wrongful act or gross negligence of said officer or employee." (Emphasis added). The version of La. R.S. 13:5108.2C(3) relied on by Mr. Bodenheimer did not expressly require that a court make these determinations **before** an indemnification claim could be judicially asserted against the State. It is at least arguable that the Legislature envisioned those determinations could be made by a court subsequently hearing an indemnification claim in the event person seeking indemnification has incurred attorney's fees in the defense of a claim of wrongdoing, but has not been judicially vindicated in those proceedings because there has been no judicial determination on the merits of the wrongdoing claim, whether that claim is settled, a consent judgment has been entered into, or the proceedings are simply abandoned.

For these reasons, I disagree with the majority's conclusion that Mr. Bodenheimer's inability to plead that a court had previously determined he was acting within the scope of his employment and was free from intentional wrongful acts or gross negligence at the time of the filing of the indemnification claim

4

entitles the State to a judgment on the pleadings.[1]  Furthermore, I find that the trial court went well beyond the scope of the pleadings in considering and accepting all of the arguments raised by the State, which under La. C.C.P. art. 965, were all contested and considered denied for the purpose of the motion for judgment on the pleadings.  In its supporting memoranda, the State asked the trial court to resolve complex legal issues using a procedural device that is available only when there is no conflict in the pleadings and there is no reasonable hypothesis upon which the plaintiff may prevail.  The resolution of the difficult legal issues presented in this case involves the type of complex legal analysis that simply is not within the purview of a motion for judgment on the pleadings.  Accordingly, I find that the trial court erred in granting the motion for judgment on the pleadings, and I would remand this case to the trial court for further proceedings.

---

[1] At best, Mr. Bodenheimer's inability to plead that he had been vindicated in a judicial proceeding before filing the indemnification lawsuit presents a question of prematurity; to cure this defect, Mr. Bodenheimer should be allowed to amend his petition allege that he will obtain the requisite judicial ruling in the indemnification proceeding before proceeding with his indemnification claim. See **Lemelle v. City of Opelousas**, 540 So.2d 1232 (La. App. 3d Cir. 1989), 540 So.2d 1232) (holding that in light of the long-standing leniency in our law favoring the amendment of pleadings, where the defendants' motion for judgment on the pleadings could be regarded as nothing more than a challenge to the plaintiff's petition to state a cause of action, a plaintiff should be permitted to amend the petition to cure the technical deficiencies in the petition).  I find that the trial court and the majority erred by not permitting Mr. Bodenheimer to amend the pleadings to cure any technical defect therein prior to dismissing Mr. Bodenheimer's lawsuit.